THE ST. LOUIS, FT. SCOTT & WICHITA RAILROAD COMPANY v. T. L. DAVIS.

1. PART PAYMENT; *Creditor not Estopped by Receipt.* The payment of a portion of an ascertained, overdue, and undisputed debt, although accepted in full satisfaction, and a receipt in full is given, is not a satisfaction of the balance; and will not, where there is no new consideration, estop the creditor from recovering the remainder of such debt.

2. ———— *Express Agreement.* Before the acceptance by the creditor of an amount less than is claimed will operate as a settlement or satisfaction of the entire debt, it must have been accepted on an express agreement to that effect.

3. RECEIPT *as Evidence.* A receipt is only *prima facie* evidence of the admissions which it contains, and where it does not embody a contract it is open to explanation, and the party admitting payment in full may show it to be untrue.

*Error from Greenwood District Court.*

T. L. DAVIS brought this action against *The St. Louis, Fort Scott & Wichita Railroad Company,* to recover $680 for legal services rendered by him for and at the request of the railroad company during the year 1883, in the trial of seventeen causes before justices of the peace of Greenwood county, and in the trial of fifteen causes in the district court of Greenwood county, and in the making and preparation of ten of the cases for the supreme court. The defendant filed an answer, in which it was admitted that the plaintiff had performed the legal services as itemized and charged in his petition, up to May, 1883, which included the trial of the causes in the justices' and district courts, but alleged that since the performance of the services, it had paid to the plaintiff an amount of money which the plaintiff received and accepted in full accord and satisfaction of all claims, dues and demands against the defendant up to that time. It denied that the plaintiff had performed the services charged for the making of the cases for the supreme court, and alleged the fact to be that the plaintiff had failed and neglected to make the cases for the supreme court as it

was his duty, and as he had agreed to do; and that by reason
of such refusal and neglect, the defendant was damaged in the
sum of $1,000. It was also alleged in the answer that certain
services for which charges had been made by the plaintiff were
rendered upon the agreement that no compensation should be
asked therefor. The reply of the plaintiff was a general de-
nial of the allegations of the answer. At the August Term,
1884, a trial was had, without a jury, and upon the testimony,
much of which was conflicting, the court made the following
findings of fact and conclusions of law:

"1. The defendant is, and has been for more than three
years last past, a corporation duly organized under and by
virtue of the laws of the state of Kansas.

"2. Plaintiff is, and for more than five years last past has
been, a practicing attorney at law.

"3. Plaintiff has, as an attorney, performed all the services
stated in his petition in this action for defendant, and at its
special instance and request.

"4. Said services were reasonably worth the amount charged
in said petition.

"5. Plaintiff has never at any time received from defend-
ant, or any other person for it, any compensation for any of
the services charged for in his petition.

"6. All the services charged for by plaintiff in this action
were performed in what is known as the Whittaker cases,
except the three five-dollar charges set out in said petition.

"7. Prior to the performance of the services charged for in
this action, the plaintiff had been employed as such attorney
by defendant to attend to and manage for defendant certain
cases known as the abandoned-right-of-way cases, for which
defendant agreed to pay plaintiff the sum of $1,200.

"8. Plaintiff fully performed all the services in said aban-
doned-right-of-way cases as per contract therefor.

"9. At one time the defendant paid to the plaintiff the sum
of $100 on said abandoned-right-of-way contract; at another
time the sum of $500 thereon.

"10. Some time after the payment of said $500, the plain-
tiff went to Fort Scott and made a demand on defendant,
through its agent and superintendent, J. D. Hill, for the sum
of $600 as the balance due him on abandoned-right-of-way
contract.

30 — 35 KAS.

"11. Said Hill told plaintiff that defendant had no money, but if he (plaintiff) would take $400, and give a clear receipt for $600, that he (Hill) would give his (Hill's) individual check for $400. Plaintiff finally agreed to do so, and the $400 check given to plaintiff, and a receipt for $600 was given by plaintiff to Hill. At the time of this transaction said Hill was the agent and superintendent of defendant. At this time plaintiff was in great need of money, which fact was made known to Hill, and plaintiff stated to Hill at the time of giving said receipt, that he did not want to be swindled out of that other $200 which was due him, and that he did not think it right to take advantage of his necessities, whereupon Hill said: 'Well, you just sign that receipt, and the $200 will be all right.' Plaintiff thereupon signed said receipt, with the understanding that the $200 was still due and would be paid.

"12. Some time after the last above-mentioned transaction, and after the plaintiff had performed the services sued for in this action, and before the commencement thereof, the plaintiff again went to Fort Scott and presented to one Mr. Dowland, who was at the time the auditor of the defendant, his claim against defendant, which consisted of $200, balance on abandoned right-of-way cases, and for services rendered in cases sued on in this action. Dowland refused to pay for any of the services rendered in the Whittaker cases, stating that Mr. Hill had told him that the services in the Whittaker cases were rendered by plaintiff for nothing, which plaintiff denied; he (Dowland) stating that he would give his check for the $200 on abandoned right-of-way cases, if plaintiff would receipt in full for all services rendered in the Whittaker cases, which was, after considerable wrangling, agreed to by plaintiff, and said check and receipt were passed.

"13. Plaintiff at the time of receiving the check of Mr. Dowland for $200, and executing his receipt in full for all services in the Whittaker cases, filed with said Dowland his written protest, stating in substance that he still claimed that the defendant owed him for all the services rendered in the Whittaker cases; said check was paid the next day after said protest was filed.

"14. $1,200 is the whole amount of compensation that plaintiff has ever received for all the services rendered by him for the defendant.

"15. There is now due and owing to plaintiff from defendant the sum of $725."

As a conclusion of law based upon the foregoing findings, the court found that the plaintiff is entitled to judgment against defendant for the sum of $725. Judgment was given in accordance with the findings of the district court, a reversal of which is sought here.

*J. H. Richards*, and *Clogston & Fuller*, for plaintiff in error.

*T. L. Davis*, defendant in error, for himself.

The opinion of the court was delivered by

JOHNSTON, J.: The evidence given on the trial, construed favorably to the plaintiff below, is sufficient to sustain the findings of the court, and we must therefore take the facts as they have been found. There is no dispute but that the services sued for were rendered by the plaintiff, and were worth the sums which he charged therefor. It is insisted by the railroad company that there has been an accord and satisfaction of his claim. Since the services were rendered by the plaintiff he has signed a receipt acknowledging the payment of $200, and it recites that it is in full for all services rendered to the company, including those for which this action was brought. Davis claims that the $200 was due and paid for other services rendered at an earlier time, in what is termed the "right-of-way cases," and also that at the time of receiving the payment and signing the receipt, he protested both verbally and in writing, that it was not a complete satisfaction, and that he still claimed compensation for the services in the "Whittaker cases," which are those involved in this action. On the other hand, it is claimed by the railroad company that Davis had, before that time, acknowledged payment in full for the services which he had rendered for the company in the right-of-way cases, and therefore that the $200 was a payment on and in full satisfaction of his claim for services in the "Whittaker cases."

It seems that prior to his employment in the "Whittaker cases," he was employed by J. D. Hill, superintendent of the

railroad company, to attend to the "right-of-way cases," at an agreed compensation of $1,200. The plaintiff was first paid the sum of $100 under that contract, and at another time $500 was paid thereon. Some time after the payment of the $500, and when the plaintiff was in great need of money, he applied to Superintendent Hill for the balance of $600 which was due him under that contract. The superintendent told the plaintiff that the company had no money, but if the plaintiff would give a clear receipt for the $600, that he would give his individual check for $400. The plaintiff stated that he did not think it right to take advantage of his necessities, and that he did not want to be swindled out of the other $200 which was still due him; when the superintendent told him, "You just sign that receipt, and the $200 will be all right." The plaintiff then signed the receipt, with the understanding that the $200 was still due and would be paid.

It is claimed by the railroad company that this payment by Hill was a perfect accord and satisfaction. To this we cannot agree. It is a well-settled principle of law that **1. Part payment; creditor not estopped by receipt in full.** the payment of a part of an ascertained, overdue, and undisputed debt, although accepted as full satisfaction, and a receipt in full is given, does not estop the creditor from recovering the balance. In such a case, the agreement to accept a smaller sum in payment of a greater is regarded to be without consideration. (*Bridge Co. v. Murphy*, 13 Kas. 35.) It has been stated by some of the courts that the rule is rigid, rather unreasonable, and to some extent against good faith, and one not to be extended beyond its precise import, and therefore that any new consideration or any collateral benefit received by the creditor, which would raise a technical legal consideration, however small, is sufficient to support the agreement. Before the payment of the $400 to the plaintiff can operate as a satisfaction of his claim for $600, it must not only appear that there was some new consideration for the agreement to accept a smaller sum in extinguishment of the debt, but it must also appear that the parties mutually agreed that the sum paid should be

accepted in discharge of the entire debt. It may be conceded that the payment of a smaller sum before it is due, or at a place different from that where the money was agreed to be paid, or where the note or obligation of a third person is given in payment, might be treated as of some benefit to the creditor, and if it was so agreed, it would operate as a satisfaction of the whole debt. The railroad company insists that the giving and acceptance of the individual check of the superintendent of the defendant company is sufficient to afford a technical legal consideration, and make the rule mentioned inapplicable. It appears, however, that the plaintiff was employed by Hill, the superintendent and representative of the company, and that the receipt which was prepared by Hill for the signature of the plaintiff recited that the $400 was received from the St. Louis, Fort Scott & Wichita Railroad Company. The company can only act through its officers and agents, and although the superintendent gave his individual check, there were grounds for the conclusion that the payments were made solely for and in behalf of the company. But whether Hill acted for the company or is to be regarded as a third person in the transaction, it is clear that an essential element of accord and satisfaction is wanting. There was no agreement that the sum paid should operate as a total extinguishment of the entire indebtedness. This was the claim of the railroad company, and there was considerable evidence offered in support of it; but the finding of the court is substantially that notwithstanding the signing of the receipt for the entire sum, there was an understanding and agreement that the balance was still due and would be paid. There was then $200 of a balance due to the plaintiff on the "right-of-way cases," and it will be observed that this is the amount of the last payment, and the amount mentioned in the final receipt, which payment and receipt the railroad company insists is a valid discharge of the plaintiff's claim for services in the "Whittaker cases." Treating this as a payment of what was due under the former contract for the "right-of-way cases," as

the court below seems to have done, nothing whatever has been paid to the plaintiff upon the claim on which he sues. The railroad company contends that the final payment and receipt should be regarded as a discharge of the entire debt; first, because the auditor of the railroad, in making the payment, gave his individual check; and second, because the payment was the result of a compromise upon a doubtful and disputed claim. Neither of these claims can be maintained, for the reason that the payment of the $200 was not accepted by the plaintiff as a full satisfaction of his claim against the company. As we have seen, the payment of a less sum does

2. Express agreement. not have the effect of satisfying a greater one unless it has been expressly accepted as such by the creditor. It is true the plaintiff signed the receipt acknowledging payment in full, but there was no contract embodied in the receipt. It is well settled in this state, that a

3. Receipt as evidence. receipt furnishes only *prima facie* evidence of the declarations and admissions which it contains, and that a party giving a receipt admitting payment in full has a right to show that it is untrue. (*Clark v. Marbourg*, 33 Kas. 471; *Bridge Co. v. Murphy*, 13 id. 35; *Stout v. Hyatt*, 13 id. 232.) This receipt, then, was open to explanation or contradiction, and the court finds that at the time of receiving the check and signing the receipt, the plaintiff insisted that he still claimed compensation for all his services in the "Whittaker cases." It seems that in connection with the delivery of the check, and in the presence of the auditor, the plaintiff made and filed with the auditor a written protest claiming that the services for which this action was brought still remained due and unpaid. It also appears that the check, receipt and protest were executed in the evening, after banking hours, so that the check could not be and was not paid until the next day, and there was therefore ample time after the filing of the protest for the company or its auditor to stop the payment of the check; but this was not done.

Under these circumstances we must conclude that the plain-

tiff did not agree to relinquish his claim for services in the Whittaker cases; and as the $200 payment was not accepted as a satisfaction of that claim, it cannot have that effect.

The judgment of the district court will therefore be affirmed.

All the Justices concurring.