DRINKER *et al.* v. KEPLEY *et al.*

No. 3411.   Opinion Filed November 10, 1914.

(144 Pac. 350.)

1.   **EXECUTORS AND ADMINISTRATORS.** Management of Estate —Employment Contract—Validity—Public Policy. Plaintiffs sued defendants before a justice of the peace, alleging as a cause of action that they had been employed by defendant C. H. Drinker to find a purchaser for a tract of land consisting of 160 acres, belonging to the estate of C. B. Drinker, deceased; that defendants agreed to pay them as a commission all over $6,800 for which said land might be sold; that plaintiffs sold the land for $7,035; that plaintiffs had been paid $100, and were due a balance of $135. C. H. Drinker was the administrator of the estate of C. B. Drinker, deceased, and defended on the ground that said contract was contrary to law and was against public policy. Defendant contracted with and was sued in his individual capacity. Held, that said contract for commission, not having been made with defendant as administrator, and in no way affecting the property of such estate, was not contrary to law and public policy, and that defendants were properly held liable thereon.

2.   **JUSTICES OF THE PEACE**—Procedure—Garnishment—Necessity
     of Affidavit and Bond.  Plaintiffs caused a writ of garnishment
     to be issued by filing the affidavit required by law governing pro-
     ceedings in justice of the peace courts.  Defendants moved in
     the county court, when the cause was tried there on appeal,
     to quash the garnishment writ, on the ground that the affidavit
     and bond required to obtain a writ of attachment had not been
     filed, which motion was overruled.  **Held**, not error.

(Syllabus by the Court.)

Error from County Court, Okmulgee County;
Geo. A. Johns, Judge.

Action by James K. Kepley and Samuel Bright against Clifton
H. Drinker and Minnie S. Drinker.  Judgment for plaintiffs, and
defendants bring error.  Affirmed.

*Merwine & Newhouse,* for plaintiffs in error.

*Van H. Albertson,* for defendants in error.

RIDDLE, J.   The parties will be designated here as they
were in the trial court.   Plaintiffs sued defendants before a jus-
tice of the peace, by filing their bill of particulars, alleging in
substance that they were real estate brokers, and that in March,
1911, they entered into a contract with defendants, whereby it
was agreed that if they should find a purchaser for certain real
estate belonging to the estate of one C. B. Drinker, deceased,
and for their services in finding such purchaser and making a
sale of said property, plaintiffs were to have for their commis-
sion all over $6,800 for which said property might be sold; that
they procured a purchaser for said property; that the same was
sold for $7,035; that there was a balance due plaintiffs by de-
fendants of $135, for which they prayed judgment.   On the
same day, plaintiffs filed an affidavit in due form, alleging
in substance that the First National Bank of Beggs, Okla., had
property and money in its possession belonging to said defendants
and was indebted to them over all legal set-offs and exemptions
in the sum of $135, and that they had good reason to believe and
did believe that plaintiffs would lose their claim, unless a gar-
nishee summons was issued to said bank.   Upon the filing of
said affidavit, a writ of garnishment was issued.   Said cause

came on for trial before the justice and defendants filed a motion to discharge said garnishment, upon the ground that no affidavit and bond for attachment were filed, as required by law. This motion was overruled. On the trial, judgment was rendered for plaintiffs for the amount prayed for. A bond was executed within the time prescribed by law, and an appeal was prosecuted to the county court. In the county court, defendants filed a demurrer to the bill of particulars, which was overruled, and they renewed their motion to discharge the garnishment, which was likewise overruled. The case was tried to a jury, where, upon conclusion of plaintiffs' testimony, defendants demurred thereto, which demurrer was sustained as to defendant Minnie S. Drinker, and overruled as to defendant C. H. Drinker. The testimony of plaintiffs sustains the allegations of the bill of particulars; and the testimony of defendants, in effect, admits the agreement alleged by plaintiffs. The jury returned a verdict in favor of plaintiffs for the full amount of the claim, from which judgment defendants prosecute this appeal.

It is first contended by plaintiffs in error that the contract was void, for the reason the land contracted to be sold belonged to the estate of C. B. Drinker, deceased, and defendant C. H. Drinker was the administrator; that said contract could not be enforced, either against him individually, or as administrator. This contention is not sound. Plaintiffs sued defendant in his individual capacity, and the testimony of plaintiffs shows that the contract was made with defendant in his individual capacity, and not as administrator. The contract or the enforcement thereof in no way affects the property of the estate. We know of no statute, rule of law, or public policy which renders such a contract void. The rule is well settled that a contract made by an executor or administrator which is unauthorized, or when made in his individual capacity in behalf of the estate, or in reference to property belonging to the estate, if containing all the requisites of a legal contract, is enforceable against such executor or administrator personally. 18 Cyc. 247, and cases cited.

It is next contended that the justice of the peace, as well as the county court, committed error in overruling the motion to discharge the writ of garnishment, on the ground that plaintiffs did not make and file the affidavit and bond required to be filed to obtain an attachment. Suffice it to say that, so far as the action of the justice of the peace in overruling said motion is concerned, the same is not before us for consideration. We are of the opinion that the action of the court in overruling this motion was not error. The proceeding in garnishment is purely statutory, and, while the requirements of the statute must be met in order to entitle a party to the writ, yet plaintiffs were not required to follow the requirements of the statute in attachment proceedings. The law relative to garnishment proceedings is special, and the parties and the court are only required to follow the provision of the statute, which was done in this case. If the law on attachments must be followed in securing a writ of garnishment, then in a court of record the plaintiff must file two affidavits and two bonds; when he sues out a writ of attachment, which is a much harsher proceeding, and one which may result more disastrously, he is only required to file one bond and one affidavit. It is clear that the law does not contemplate the filing of the attachment affidavit and bond when a writ of garnishment only is sought. Had the court committed error in this respect, we are of the opinion that it would be harmless, in that when defendant filed his bond to appeal the case from the justice court to the county court, by order of the justice of the peace the garnishment was discharged, and the money of defendant garnished was released.

These two points being the only grounds argued in counsel's brief, and it appearing from the record that the cause was tried to a jury upon a controverted question of fact, and the verdict was returned in favor of plaintiffs and judgment entered thereon, and since no error affecting the substantial rights of defendant has been committed by the trial court, the judgment is affirmed.

All the Justices concur.