**KUYKENDALL v. LAMBERT et al.**

No. 8105—Opinion Filed May 14, 1918.

Rehearing Denied June 25, 1918.

(173 Pac. 657.)

(Syllabus.)

1. **Process—Quashing Service of Summons —Names of Parties Plaintiff.**

Where an action was commenced by Sam C. Lambert and Lena Lambert against Ora L. Kuykendall, and the summons notified Ora L. Kuykendall that he had been sued by Sam C. Lambert et al., it was not error for the court to refuse to quash the service of summons on the ground that the summons omitted the name of Lena Lambert, one of the parties plaintiff, and only notified the defendant that he had been sued by Sam C. Lambert et al. This state of facts is distinguishable from a case in which only one defendant is named in the summons when there were in fact several.

2. **Pleading—Verification of Reply.**

Where a verification of the plaintiff's reply did not affect or change the issues held: That the defendant was not prejudiced by the court permitting the plaintiff's

reply to be verified during the progress of the trial.

3. **Witnesses—Impeachment—Predicate.**

Where a proper predicate has been laid for the purpose of impeachment, it may be shown that a witness has made statements out of court, contrary to what he has testified at the trial.

4. **Evidence — Payment—Sales—Receipt— Liability.**

While a receipt is not an instrument that the law requires for the protection of, or as notice to, third parties, but is only prima facie evidence of the payment of an obligation due from one person to another, and in such transaction the general public and third parties are usually supposed to have no interest, yet where a person, through negligence or indifference, suffers another to wrongfully and fraudulently obtain a receipt from him showing payment in full for certain chattels, and on the strength of such receipt an innocent third party subsequently purchases a portion of said chattels in good faith, held: That the rights of the innocent third party, who under the circumstances had a right to and did give full credit to such receipt, will be protected as against the one who negligently executed and delivered the receipt.

Error from District Court, Alfalfa County; James B. Cullison, Judge.

Action by Sam C. Lambert and Lena Lambert against Ora L. Kuykendall. Judgment for plaintiffs, and defendant brings error. Reversed, and cause remanded.

W. L. Owen and Sam P. Ridings, for plaintiffs in error.

Titus & Talbot, for defendants in error.

BRETT, J. In this case, the Lamberts, defendants in error, sued Kuykendall, plaintiff in error, for $1,000, the alleged purchase price of a certain jack. The gist of the defense of Kuykendall, defendant below, was that one of the plaintiffs below, Sam C. Lambert, sold the jack in question to one Vennum, and that subsequently he (Kuykendall) purchased the jack from Vennum, and paid him the purchase price in full, and therefore was not indebted to Lambert in any sum for the jack. He pleaded and attached to his answer a receipt from Lambert to Vennum, acknowledging that Vennum had paid Lambert in full for the jack. Lambert replied, denying all the allegations of Kuykendall's answer, but also alleged that, if he executed the receipt pleaded in said answer, it was obtained by fraud, setting out the conditions under which the alleged fraud was perpetrated. Upon the issues thus framed the cause went to trial to the court and a jury. During the

progress of the trial Lambert asked and obtained leave, over the objection of the defendant, Kuykendall, to verify his reply. The trial resulted in a verdict and judgment for the plaintiffs, and defendant, Kuykendall, appeals to this court.

There are 15 assignments of error, but it will not be necessary to notice all of them specifically.

1. The first assignment complains because the court refused to quash the service of summons.

The motion to quash was based on the fact that the summons commanded the sheriff to notify the defendant, Ora L. Kuykendall, that he had been sued by Sam C. Lambert et al., omitting to set out the name of the other plaintiff to the action, Lena Lambert. And it is gravely contended that the fact that the summons omitted the name of Lena Lambert, and only notified the defendant that he had been sued by Sam C. Lambert et al., rendered the summons fatally defective and the service thereof void. We know of no precedent or reason which supports this position. Counsel cite Lyman v. Milton, 44 Cal. 632, but this case does not support their contention, but holds that as to a summons, in which one defendant only is named, when in fact there are several defendants to the action, service of such summons is void as to the defendants whose names do not appear in the summons. But that is very different from the state of facts existing in the case at bar, and is based upon reason. For how would a defendant know he had been sued, unless his name appeared in the summons? But in the case at bar the defendant knew from the summons that he had been sued. He also knew that Sam C. Lambert and some one else had sued him. It is perhaps the better practice to set out the names of all the plaintiffs, as well as all the defendants, in the summons; but under the facts in the case at bar we are unable to see how the defendant was prejudiced or misled to his injury by the omission in the summons of the name of Lena Lambert, one of the parties plaintiff.

2. It is next claimed that it was error for the court to permit the plaintiffs to amend their reply by verifying the same during the progress of the trial; the contention being that the unverified reply did not operate to deny the execution of the receipt pleaded by the defendant in his answer, but, when verified, it did have that effect. There might be some merit in the contention of defendant if the execution of

this instrument had really been made an issue in the case. But the reply admits the execution of the instrument, but seeks to avoid its effect on the ground that it was obtained by fraud, and sets out the conditions under which it was executed and delivered. And the plaintiff, Sam C. Lambert, 'as stated, by 'the defendant in his brief, as a witness in his own behalf, also admitted the execution of the instrument. Hence the plaintiff in fact derived no advantage from, nor was the defendant prejudiced by, the verification of the reply.

3. Again the defendant complains because the court permitted the witness, McKee, to testify. to statements made to him by one Blackburn, the ground of the objection being that the statements of Blackburn were not made in the presence · of the defendant, and therefore did not bind him. But the record shows that the plaintiff, on rebuttal, offered McKee to show that Blackburn, who was a witness for the defendant, had made statements out of court, contrary to what he had testified at the trial. And since a proper predicate had been laid in the cross-examination of Blackburn, by asking him if at a certain time and place he had not made these contradictory statements to McKee, which he denied, the testimony of McKee was properly admitted for the purpose of impeachment. Greenleaf on Evidence (14th Ed.) vol. 1, p. 561; Smith v. State, 3 Okla. Cr. 629, 108 Pac. 418.

4. Defendant next complains because the court, over the objection of the defendant, permitted the plaintiff to testify to the circumstances under which Vennum procured the receipt pleaded by defendant; the basis of this complaint being that none of the things testified to transpired in the presence of the defendant, Kuykendall. While it is true, there was no merit in this specific objection, for Kuykendall was not alleged· to be a party to the fraud, and the fraud pleaded and proved was in no way dependent upon the presence of Kuykendall, and while the law is that a receipt is only prima facie evidence of the declarations and admissions it contains, and is open to explanation and contradiction, and the party giving it may show that it was obtained by fraud, or is in fact untrue (St. Louis, Ft. Scott & Wichita R. R. Co. v. Davis, 35 Kan. 464, 11 · Pac. 421, and cases there cited; Toby v. Barber, 5 Johns. [N. Y.] 68, 4 Am. Dec. 326; Lacrabere v. Wise [Cal.] 71 Pac. 175; Joslin v. Giese, 59 N. J. Law, 130, 36 Atl. 680; Milos v. Covacevich, 40 Or. 239, 66 Pac. 914; Comptoir D'Escompte de Paris v. Dresbach, 78 Cal. 15, 20 Pac. 28; Stewart

v. Phoenix Ins. Co., 9 Lea [77 Tenn. 1] 104), and while it is true that a receipt is not an instrument that the law requires for the protection of, or as a notice to, third parties, but is only prima facie evidence of the payment of an obligation due from one party to another, and in such transaction the general public, or third parties, are usually supposed to have no interest, yet the facts in this case are peculiar. Lambert and Vennum had jointly left this jack with Kuykendall for the purpose of making the season. They each represented that they owned the jack jointly, and at the time the receipt in question was executed were each trying to make a deal with Kuykendall to sell him the jack. Then under these conditions, when Vennum appeared with a receipt which Lambert admitted he signed, showing Vennum had paid him in full for his interest in the jack, regardless of the fact that the instrument was not one that the law requires for the benefit of third parties, did not Kuykendall have a right to rely upon that instrument when exhibited · to him, and act upon the indicia of ownership with which Lambert, through this receipt, had clothed Vennum? We think so. Noe v. Smith et al., 67 Okla. —, 169 Pac. 1108. In the syllabus of the case above cited, we said:

"When an instrument which clothes another with the indicia of title to property is used by him, the equities of innocent purchasers are protected. For where the true owner holds out another or allows him to appear as the owner of, or as having full power of disposition over, the property, and thus leads a third person to do what he would not otherwise have done, the owner will not then be allowed to subject such third person to loss or injury by disappointing the expectations upon which he acted."

As between Lambert and Vennum, the fraud proved would have avoided the receipt. But he signed the instrument and put it into the hands of Vennum, and, although, on account of his negligence or indifference he may have been overreached by Vennum in the procurement of the receipt, yet the receipt was the direct means of enabling Vennum to overreach Kuykendall, and if either must suffer he who by his negligence or indifference made the fraud possible must bear the burden, for justice demands that, where one of two innocent parties must suffer, he who by negligence or indifference makes a fraud possible must bear the burden. And the fatal defect in the trial of this case is that the court failed to properly instruct the jury on this question, but instead instructed to the effect that if

Vennum obtained no title to the jack as against Lambert, he could convey no title to Kuykendall. This, under the peculiar facts of this case, was error.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with the views herein expressed.

All the Justices concur.