## MODEL CHEVROLET CO. v. GOLDEN.

No. 19513. Opinion Filed Oct. 7, 1930.

Rehearing Denied Nov. 11, 1930.

John T. Cooper, for plaintiff in error.

Britton H. Tabor, for defendant in error.

HERR, C. On the 27th day of March, 1927, Joe Golden recovered judgment in the justice court against J. H. Canard in the sum of $200. A garnishment summons was issued in that action and served on the Model Chevrolet Company, a corporation, which garnishee answered disclosing that it had in its possession a certain automobile belonging to defendant Canard, upon which it claimed a lien for repairs in an amount equal to the value thereof. Plaintiff took issue with this answer and caused notice to be served on garnishee, as provided by section 926, C. O. S. 1921. A hearing was thereafter had by the justice of the peace as to the truth of the answer, and on April 2, 1927, rendered judgment against garnishee directing and ordering it to surrender into court the property in question. The garnishee, defendant herein, refused to comply with this order, but, on the contrary, delivered the car to defendant in the main action, Canard, who took the same to the state of Arkansas. Plaintiff then filed suit on this order and judgment against defendant herein, garnishee in the main action, in the justice court, the trial resulting in a judgment in favor of plaintiff. Defendant appealed to the district court. The trial was to the court, resulting in judgment in favor of plaintiff and against defendant for the sum of $125, the value of the car. Defendant appeals.

It is first contended by defendant that the garnishment proceedings in the justice court are void for the reason that garnishment summons was not served on defendant Canard in the original action. We do not agree with this contention. The statute does not require that a garnishment summons, issued out of a justice of the peace court at the commencement of an action, shall be served on the defendant in the action. The statute, section 938, C. O. S. 1921, simply provides that summons shall be served on the garnishee. Service was properly had and made on defendant in the main action. That is all that is required in such proceedings instituted in a justice of the peace court. In vol. 28, C. J., at page 237, it is said:

"In the absence of a statutory requirement, notice of ancillary garnishment proceedings need not be served on defendant, particularly where he has appeared or been served with process in the principal proceeding."

It is next contended that the proceedings are void for the reason that plaintiff failed to execute a bond in garnishment. This contention cannot be sustained. The statute requires no such bond where garnishment is had in a justice court. Drinker v. Kepley, 43 Okla. 686, 144 Pac. 350.

It is next contended by defendant that the proceedings against it were void for the reason that the original suit was founded on tort and not on contract. The original bill of particulars was lost and could not be produced at the trial. The trial court, however, heard oral evidence as to the issues in that suit and found that the action was one based upon contract and not on tort. There is ample evidence to sustain this finding, and we are bound thereby.

It is next contended that garnishment did not lie for the reason that defendant had a lien against the car in its possession for repairs; that before plaintiff could reach the same by garnishment, it was necessary that he pay off and discharge this lien; that plaintiff failed so to do. The record, however, discloses that defendant was served with summons in garnishment before it made any repairs on the car. Defendant, having made these repairs subsequent to the service of the summons upon it, did so at its peril and will not now be heard to complain that the lien was not discharged by plaintiff.

It is next contended by defendant that judgment was erroneously rendered against it in this action for the reason that no notice was served upon it in the main action challenging the truth of its answer to the garnishment summons, and that judgment was rendered against it in such action without a hearing. The record is against defendant on this contention, as the docket of the justice of the peace, introduced in evidence, recites that plaintiff gave notice of contest of the answer of garnishee on the 18th day of March, 1927; that a hearing was had thereon on April 2, 1927, and judgment rendered against garnishee. This record is not impeached by sufficient evidence, and we are bound to accept the recitals thereof as true and correct.

It is next contended that the automobile could not be impounded by proceedings in garnishment, for the reason that the same was subject to levy. We cannot agree with this contention. Personal property of a debtor in possession of another may be reached by garnishment, under sections 937 and 938, C. O. S. 1921.

It is also contended by defendant that the garnishment summons is void and that the justice of the peace acquired no jurisdiction over the person of the garnishee for the reason that the same was made returnable in less than 10 days. Section 919, C. O. S.

1921, is cited to support this contention. This section provides that when the garnishee is a corporation, the answer day for such garnishee shall not be less than 10 days from the date of the service of the summons. It is doubtful whether this section applies to this proceeding, but if it does, this defect rendered the service irregular only, not void, and such defect does not constitute a defense to this action. Moreover, defendant herein, garnishee in the main action, made a general appearance by motion to quash the garnishment summons in the original action and, after an adverse ruling thereon, filed its answer as above set forth. It thereby waived the defect in the summons, if the same were, in fact, defective.

It is finally argued by defendant that the judgment against it should not be permitted to stand for the reason that the defendant in the original action was a minor. This question was not raised in the justice court, nor by any pleading in the district court. This matter was touched upon by the evidence of the witness Woliver, in which he incidentally stated that defendant in the main action looked like a boy 19 or 20 years old, but that he was not acquainted with him and did not know his age. The evidence does not establish that he was, in fact, a minor. We are, therefore, not called upon to determine the effect of the judgment in the event the evidence had disclosed him to be such.

This disposes of all of the errors assigned.

Judgment should be affirmed.

BENNETT, EAGLETON, DIFFENDAFFER, and HALL, Commissioners, concur.

By the Court: It is so ordered.