## ALLEN v. CLOVER VALLEY LBR. CO.

No. 24645. March 26, 1935.

PER CURIAM. This case comes before this court on appeal from the district court of Creek county, Okla. The defendant in error, Clover Valley Lumber Company, was plaintiff below, and the plaintiff in error, Joe H. Allen, sole trader, doing business as Allen Lumber Company, was defendant below. Herein, the parties will be referred to as they appeared in the lower court.

The facts, material for a proper determination of the issues presented on appeal are these:

On August 4, 1932, the district court of Creek county rendered a default judgment against the defendant upon plaintiff's verified petition on account stated. Thereafter, on October 19, 1932, within term time, the defendant filed therein his special appearance and motion to vacate judgment on jurisdictional grounds, alleging that the trial court was without jurisdiction to render the judgment complained of because (1) no summons was served upon the defendant, as provided by law; and (2) the name of the defendant against whom the action was filed was not set forth in the body of the summons, as required by law; and (3) the summons was not signed by the court clerk of Creek county, as prescribed by our statute. The trial court, after hearing thereon, overruled and denied the special appearance and motion to vacate judgment, to which ruling the defendant excepted and gave notice in open court of appeal to this court. Simultaneously therewith, the defendant filed his motion to vacate and set aside the default judgment upon nonjurisdictional grounds, hereinafter set out, which motion was also denied by the trial court, to which ruling the defendant likewise excepted and gave notice of appeal to this court.

Consideration will first be given herein to the alleged errors which defendant contends the trial court made in overruling his special appearance and motion to vacate judgment on jurisdictional grounds. The first question presented thereunder is whether the trial court acquired jurisdiction to render the judgment complained of in view of the fact that the defendant was named in the petition as "Joe H. Allen, Sole Trader, doing business as Allen Lumber Company," and the summons issued upon the filing of the petition commanded the sheriff to notify "Joe H. Allen" that he had been sued, etc., and that the sheriff's return thereon disclosed he made personal service thereof on "Joe H. Allen."

Briefly stated, the defendant's contention is that the "summons should have been directed to the defendant in the capacity in which he is named in the action," and that the summons is fatally defective in that it was not issued and served upon Joe H. Allen (as) "Sole Trader, doing business as Allen Lumber Company."

The rule is well established that process should not name a defendant different than the one appearing in the petition. This rule is, however, subject to an exception, which, indeed, is as well established as the rule itself, namely, that an incomplete designation of the party defendant is not fatal where it is self-evident, as here, that the real party intended is before the court by actual personal service. 50 C. J. 459, and cited cases.

In Stocker et al. v. Dobyns-Lantz Hardware Co., 101 Okla. 134, 224 P. 303, summons was issued therein designating the the defendants as "W. L. Stocker and W. C. Thrasher," instead of "W. L. Stocker and J. C. Thrasher," as they appeared in the petition. The defendant J. C. Thrasher appeared specially and moved to quash the service on the ground that the same was insufficient to give the court jurisdiction of said defendant. The motion was overruled, and, on appeal, this court affirmed the trial court's order, and, among other things, said:

"An individual who has been served with a summons in which he is designated by the wrong name is entitled to plead a misnomer, but the service of summons designating the defendant by the wrong name, where it is personally served upon the right defendant, is sufficient to give the court jurisdiction of the defendant. * * *"

Herein, the designation of Joe H. Allen as "Sole Trader, doing business as Allen Lumber Company," is mere descriptio personae, and the failure to so designate said individual, who is the real party in interest and the right defendant herein and upon whom personal service was made, is not fatally defective.

Defendant's next contention, that "the summons was not signed by the court clerk as required by statute," and that, therefore, the trial court did not acquire jurisdiction to enter the judgment herein, is likewise without merit. The record discloses that the court clerk's name was rubber stamped on the summons. The record also discloses that C. C. Johnson signed his own

name to the summons, as deputy to the court clerk. The requirement of the statute (section 166, O. S. 1931) that "the summons shall * * * be signed by the clerk" is fully met, so long as the clerk's name appears thereon, whether by true signature or rubber stamp, and is duly attested by a legally appointed, qualified, and acting deputy court clerk of that court. It is obvious that to hold otherwise would be tantamount to impairing the efficiency of the clerk's office and hamper the issuance of process from our courts. Our deputy court clerks are fully clothed with power in this respect by virtue of section 20, O. S. 1931, wherein it is provided:

"Any duty enjoined by this Code upon a ministerial officer, and any act permitted to be done by him, may be performed by his lawful deputy."

Defendant's third contention raised by his special appearance on jurisdictional grounds is that "the summons does not conform to the praecipe in that it calls for a greater amount sued for than was set forth in the praecipe." More specifically, the praecipe for summons provided for interest from July 24, 1930, while the summons notified the defendant that the plaintiff was seeking judgment on the principal sum therein stated and interest thereon from July 30, 1930. The judgment herein followed the praecipe and petition and gave the plaintiff judgment for the principal sum and interest from July 24, 1930. The prayer of the petition herein was for a money judgment with interest thereon from the "24th day of July, 1930, at 6% per annum"; the trial court's judgment was for the plaintiff in the principal sum sued for together with interest thereon from the "24th day of July, 1930, at 6% per annum." It is apparent, therefore, that the error, if any, was harmless and was cured by the recital of judgment in the journal entry in conformity to the prayer of the petition. Furthermore, we held in Lawton v. Nicholas, 12 Okla. 550, 73 P. 262, that in an action for the recovery of money only, even a complete failure to indorse upon the summons the amount sued for, where it appears proper service of summons has been made, does not prevent the court from acquiring jurisdiction of the person of the defendant.

Counsel for the defendant next contends that the court erred in overruling and denying the defendant's motion to vacate and set aside the default judgment. This contention likewise is without merit. The defendant in his motion alleged "that he was misled by the verified account attached to the plaintiff's petition and assumed that it was a correct accounting; that after rendition of the judgment defendant came into possession of facts to the effect that said account was not correctly stated, and that the default judgment so taken was for a larger sum than was in fact due thereon," and requested the court to vacate the judgment for those reasons. At the hearing upon said motion the plaintiff tendered, and together with the defendant acquiesced in the court ordering, a remittitur of all amounts claimed by the defendant to have been incorrectly included in the verified account sued upon, whereupon the trial court denied the defendant's motion to vacate judgment.

At the hearing upon the motion, the defendant's attorney, in open court, stated:

"It is agreed between the plaintiff and defendant that there was a payment of $150 made to the then attorney of record for the plaintiff's company before this suit was filed, which payment was not credited upon the verified account as filed by the plaintiff in the action and was not credited at the time the judgment was taken." (C.-M. 34.)

It was further admitted and stipulated between the parties that there was an excess of $9 charged for interest included in the verified account, and thereupon the plaintiff stated that it would remit the sum of $159, which was acquiesced in by the defendant, and thereupon the court accepted the same and overruled the motion to vacate. The plaintiff thereupon filed a formal remittitur in the sum of $159.

As a matter of law, upon the record, the defendant cannot now predicate error upon that which has been granted at his request.

The principle announced in Shirk v. McGinnis, 116 Okla. 93, 243 P. 214, is controlling herein. It was there said:

"To permit a suitor, upon whose motion and for whose benefit a judgment has been rendered to reverse his position on appeal and repudiate the benefits of the judgment so rendered in his favor, would enable litigants to play fast and loose with the courts as the varying whims and fortunes of such litigants should dictate."

The authorities cited by the defendant herein have been fully examined and considered, but, upon the record, are not controlling on the issues here presented.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Theodore R. Moore, W. E. Crowe, and Ernest F. Smith in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Moore and approved by Mr. Crowe and Mr. Smith, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, PHELPS, and CORN, JJ., concur.