## VAUGHN v. JONES.

No. 26731. March 9, 1937.

Rehearing Denied March 23, 1937.

Application for Leave to File Second Petition for Rehearing Denied
April 6, 1937.

R. E. Bowling, for plaintiff in error.

Blanton, Curtis & Blanton and J. Harry Johnson, for defendant in error.

HURST, J. Byron Arthur Vaughn, plaintiff in error, is executor of the last will and testament of his father. The deceased owned a farm, which, after his death, the executor leased to the plaintiff, C. E. Jones. This action was filed to recover for certain work that the plaintiff claims he did on said farm under an agreement with the defendant. In all the pleadings the defendant is named "Byron Arthur Vaughn, Executor of the Estate of Thomas Arthur Vaughn, Deceased." The court instructed the jury that if they returned a verdict for the plaintiff, it must be against the defendant individually and not against him as executor of the estate of his father. The jury returned a verdict for the plaintiff and against the defendant individually, on which the trial court ren-

dered judgment, from which this appeal was taken.

The defendant urges but one proposition for reversal, and that is that the court committed error in instructing the jury that they could return a verdict against him individually and in rendering such judgment against him. In support of this propostion he cites Sterrett v. Barker (1898, Cal.) 51 P. 695; Hines v. Bacon (1922) 86 Okla. 165, 207 P. 93; Youst v. Willis (1897) 5 Okla. 413, 49 P. 1014. The Sterrett Case is authority against the defendant's contention that he is not individually liable. It was agreed in that case that it was against the estate, and the court held that the complaint could not be amended so as to constitute an action against the executor individually. It is further held that an executor is individually liable for breach of contract made by him in connection with the administration of the estate, and the estate is not liable unless such contract is expressly authorized by will or statute. The Hines Case and the Youst Case do not touch upon this point.

The law is well settled that an executor or administrator is individually liable for contracts made by him in the course of the administration of the estate, unless he stipulates against personal liability. 11 R. C. L. 166; 24 C. J. 63; Brown v. Quinton (1909) 80 Kan. 44, 102 P. 242, 25 L. R. A. (N. S.) 71, 18 Ann. Cas. 290; Riedy v. Bidwell (1925, Cal.) 233 P. 995; Judy v. Guaranty Trust Co. (1936, Wash.) 59 P. (2d) 745. See, also, Drinker v. Kepley (1914) 43 Okla. 686, 144 P. 350. The defendant does not contend that he stipulated against personal liability.

The defendant, however, contends that he was sued only in his representative capacity, and that for that reason no personal judgment can be rendered against him. The petition alleges that the defendant is liable "both individually and in his capacity as such executor." The reference to the defendant as executor should be treated as descriptive of the person, and may be rejected as surplusage. 24 C. J. 825; Brown v. Quinton, supra; Blair v. Hall (Mo. App.) 201 S. W. 945; Hanson v. Blake (W. Va.) 60 S. E. 589. See, also, Allen v. Clover Valley Lumber Co. (1935) 171 Okla. 238, 42 P. (2d) 850.

This rule does the defendant no injustice. Under section 1330, O. S. 1931, on the settlement of his accounts as executor, he is "allowed all necessary expense in the care, management and settlement of the estate," if the county court deems it proper. Affirmed.

BAYLESS, V. C. J., and BUSBY, WELCH, CORN, and GIBSON, JJ., concur. OSBORN, C. J., not participating.