## PHELPS et al. v. EXCHANGE BANK OF COMMERCE.

No. 27618.    Nov. 2, 1937.

Anglin & Stevenson and C. H. Baskin, for plaintiffs in error.

Orr & Woodford, for defendant in error.

BAYLESS, V. C. J. This is an appeal from the district court of Hughes county, Okla. The Exchange Bank of Commerce, a corporation, sued F. R. Phelps and Roly Canard, joint administrators with will annexed, of the estate of William Buck, deceased. Judgment was rendered in favor of the plaintiff, and against the defendants individually. The defendants appeal. and the sole ground of complaint is that they were sued in their representative capacities only, and the court had no authority to render judgment against them in their individual capacity, a capacity in which they had not been sued. The plaintiff says that, since the contract upon which the action is based is one made by the joint administrators in connection with the performance of their duties to the estate, they must be held liable individually. To state this contention another way, the plaintiff says that the estate as an entity may be sued and held liable directly only for claims incurred by the decedent in his lifetime, and that claims incurred by his representatives in the per-

formance of the administrations upon the estate must be answered for by them individually, with the right to look to the estate for reimbursement.

In the caption to the petition, the defendants are named in a representative capacity. In the body of the petition their representative capacity is set forth specifically. The agreement to lease the office rooms and their alleged use thereof alleged to have been in the course of the administration upon the estate. The petition does not seek a judgment against the estate, but in the body of the petition it is alleged that defendants are liable, also the prayer asks for judgment against said defendants.

The answer is a general denial; an admission of the contract of rental and use of the rooms; a plea of payment, and an allegation of overpayment and demand for refund. In all of the evidence of the plaintiff, the defendants are referred to at all times as administrators. A claim was presented to the administrators as such, but was disallowed by them.

It is our opinion that the argument of the plaintiff is correct. The statement of the law found in 11 R. C. L. 289, section 332, is the proper rule. It reads:

"If a suit is brought against an executor or administrator in regard to a matter as to which he is personally liable, as on a promise made by him after the death of the decedent, it is not necessary to name the defendant as executor or administrator, though this may be done by way of description or for the purpose of showing the circumstances of the transaction and the origin of the liability. So an allegation that defendant is an executor or administrator may be treated as descriptio personae and surplusage, and will not necessarily negative his personal liability."

See, also, 24 C. J. 737, section 1820, and page 739, sections 1822 and 1823.

The contract sued upon herein is one made by the joint administrators for their convenience in the performance of their duties for the use and benefit of the estate; nevertheless, it was a new contract, one made after the death of the decedent, and upon a wholly new and independent consideration as spoken of in the authorities above cited.

This is not the first occasion this court has had to arrive at this conclusion. In Vaughn v. Jones, 179 Okla. 545, 66 P. (2d) 504, we said that a personal representative is individually liable for contracts made by him in the course of the administration. No plea or evidence of a stipulation against personal liability is involved in this action, as spoken of in that opinion. See, also, Ferris v. Jones, 78 Okla. 154, 189 P. 527, and Gillis v. E. M. Page Estate, 154 Okla. 230, 7 P. (2d) 490.

Therefore, the reference to the defendant in representative capacity in the pleading was surplusage, and in the evidence such references were simply a part of the circumstances explaining the origin and history of the transaction; and, in neither instance did they add to, or detract from, the defendant's legal responsibility, if all facts established the same. The defendant offered no evidence to contradict the evidence of plaintiff in the material matters of the action.

The judgment is affirmed.

The defendant in error has moved for judgment upon the supersedeas bond upon the affirmance of the judgment of the trial court. An examination of the record discloses a bond in the sum of $1,000 executed by F. R. Phelps, Edward George, and G. Lee Phelps, as sureties, conditioned for the payment of the compensation money and costs in case the judgment is affirmed. Therefore, said motion is granted, and judgment is hereby rendered against the sureties upon the bond in the same amount, and to the same extent, as the judgment against the principal, however, not to exceed $1,000, and the district court is directed to enter judgment against said sureties upon spreading the mandate of record in this case.

Judgment affirmed.

OSBORN, C. J., and PHELPS, CORN, and HURST, JJ., concur.