### THOMAS v. TUCKER et al.

No. 28682.   Jan. 17, 1939.

Rehearing Denied Feb. 7, 1939.

Carl C. Wever, for plaintiff in error.

D. B. Horsley, for defendants in error.

PER CURIAM. The parties will be referred to as they appeared in the trial court. On the 10th day of June, 1936, the trial court entered a judgment for plaintiff on a promissory note, said judgment being for $234.45, with interest and attorney fees. On December 22, 1927, a motion to vacate the judgment was filed by defendant, and the court entered its order overruling the same on the 7th day of January, 1938. This proceeding is brought to review the order.

The defendant presents two allegations of error. The first is that the judgment is void because no summons was served as provided by section 166, O. S. 1931 (12 Okla. St. Ann. sec. 153). At the top of the summons, or in what is styled "caption," the names of W. C. Tucker and R. W. Tucker, doing business as the Osage Mercantile Company, appear. After the salutation to the sheriff of Osage county, the direction is to notify Agnes Thomas that she has been sued by the Osage Mercantile Company. This meets the requirement of the statute. (Section 166, O. S. 1931, 12 Okla. St. Ann. sec. 153.)

We think when the summons discloses the names of the parties plaintiff, and the name under which the firm is doing business and known in the community, and requires the defendant, naming said defendant, to answer the action of the plaintiff, such summons is sufficient. Springfield Fire & Marine Ins. Co. v. Gish, Brook & Co., 23 Okla. 824, 102 P. 708;

Morgridge v. Stoeffer, 14 N. D. 430, 104 N. W. 1112; Kuykendall v. Lambert, 68 Okla. 258, 173 P. 657; Allen v. Clover Valley Lbr. Co., 171 Okla. 238, 42 P.2d 850. We therefore hold that where on the face of the summons or the "caption" the partnership is designated as W. C. Tucker and R. W. Tucker, doing business as the Osage Mercantile Company, and after the salutation to the sheriff he is directed to notify the defendant that she has been sued by the Osage Mercantile Company, such summons is a substantial compliance with section 166, supra, and is not subject to a motion to vacate on the ground that the judgment is void.

It is next urged that the judgment is void because the record does not show that there was any evidence offered on the part of the plaintiff and that it is reasonable to assume that the note was offered in evidence and for cancellation; that section 12363, O. S. 1931, 68 Okla. St. Ann. sec. 511, provides that a note of over eight months' duration must be registered with the county treasurer and a tax paid thereon; and section 12368, O. S. 1931, 68 Okla. St. Ann. sec. 516, provides that such note cannot be introduced in evidence unless the tax is so paid. We are of the opinion, and hold, that a default judgment entered upon a promissory note attached to the petition as in the case at bar cannot be attacked solely upon the ground stated above. Skinner v. Bowlan, 181 Okla. 544, 75 P.2d 181.

The judgment of the trial court is affirmed.

WELCH, V. C. J., and OSBORN, GIBSON, HURST, and DANNER, JJ., concur.