Hattie Mae MOSS and Guy Bauguess, Plaintiffs in Error,

v.

PIONEER RESERVE LIFE INSURANCE COMPANY, a corporation, Defendant in Error.

No. 38452.

Supreme Court of Oklahoma.

Oct. 20, 1959.

Carmon C. Harris, Oklahoma City, for plaintiffs in error.

W. Ryan Russell, W. A. Blakeburn, Oklahoma City, for defendant in error.

HALLEY, Justice.

The parties will be referred to as in the trial court.

Greer Elmer Moss was issued a policy of insurance on his life on April 16, 1947. His wife, Hattie Mae Moss, while not the original beneficiary, did become such. Guy Bauguess was assigned the policy to secure the payment of a loan he had made to the insured. The insured died on November 28, 1953. Mrs. Moss and Mr. Bauguess were the plaintiffs.

It was the plaintiffs' contention and the plaintiff Moss so testified, that she paid the premiums on the insurance policy in question to April 16, 1951. The defendant maintained that no premiums were paid on the policy after May 16, 1950.

Evidence was offered by the defendant that payments made after May 16, 1950, were paid from the policy reserve as automatic policy loans.

If the premiums on the policy were paid as plaintiffs contend then the defendant was liable under the policy by virtue of the extended insurance provision for a period of three years and nine months. This would extend the policy beyond the date of the insured's death.

If there were no payments made after May 16, 1950, the policy had lapsed before November 28, 1953, the date of insured's death.

There was evidence on both sides of the question and it was fairly submitted

to the jury in two interrogatories, which are as follows:

Interrogatory 1.

"Had the insured, or someone in his behalf, paid in cash or by a valid check, or money order, to the defendant, the premiums due on the policy plaintiffs' exhibit 1, to and including April 16, 1951?"

Interrogatory 2.

"Was the policy, plaintiffs' exhibit 1 paid up by cash, or by a valid check, or money order to the defendant, only until May 16, 1950?"

The jury found for the defendant, answering the first question "No" and the second "Yes."

It was conceded by the defendant that the policy contained no automatic premium loan provision. There was evidence that the insured asked orally that premiums be paid as if there was an automatic loan provision. We think that this is immaterial for under the policy the reserve would only give extended insurance for two years and four months if the premiums were only paid for three years. This would be true regardless of whether the reserve was applied to the payment of the premiums under an automatic premium loan provision. Under the policy in question there was just no more time than two years and four months if no premiums were paid after May 16, 1950, the date found by the jury to be the last date premiums were paid.

■ The plaintiffs take the position that the trial court erred in permitting the defendant to explain how the premiums were paid. Their cases cited on this proposition, Kuykendall v. Lambert, 68 Okl. 258, 173 P. 657 and Columbian National Life Ins. Co. v. Wirthle, 73 Okl. 302, 176 P. 406, 409, do not sustain plaintiffs' position. In fact the Columbian National Life Insurance Company case favors the defendant. We quote from it:

"The general rule is that receipts are prima facie evidence, but not con-clusive evidence, of the payment of the money indicated therein. They are always open to explanation, and a party who is purported to have executed the same may show that the allegations thereof are untrue, or that the same was executed and delivered by mistake or fraud."

We find no error on the part of the trial court in refusing plaintiffs' requested instructions. There is nothing greatly involved about the case. If the premiums had been paid to the extent that they would carry the term insurance up to and including the date of insured's death plaintiffs could recover. If not, then the plaintiffs cannot recover.

■ The plaintiffs also maintained that this policy of insurance never lapsed because the defendant failed to give notice of the termination of the policy. They rely upon the case of Jones v. New York Life Ins. Co., 32 Okl. 339, 122 P. 702. That case is not authority in the case at bar because in that case the law of the State of New York controlled and a policy of life insurance in that State could not be terminated without notice. There is no such provision in the policy here or in the insurance laws of Oklahoma.

The only place where notice was required to be given by the terms of the policy in question was under the cash loan paragraph. There was no cash loan in this instance so no notice was necessary.

■ The plaintiffs maintained through the trial that the policy was in force on the date the insured died. As we have said previously, this just cannot be because the reserve could not perform a dual purpose. One to pay the premiums by an automatic loan payment and the other to extend the policy by term insurance. Since there was no automatic premium loan provisions in the policy the only thing the beneficiary could look to was the term insurance under the extended insurance provision and if there had been both provisions the reserve could not carry both. Even though the insured desired to have an automatic pre-

mium loan he could not have the reserve used up by that and then have extended insurance with the same identical fund.

The judgment of the trial court is affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and JOHNSON, BLACKBIRD, JACKSON, IRWIN and BERRY, JJ., concur.