## No. 9352.

### DENVER & RIO GRANDE RAILROAD COMPANY v. NUNEZ.

1. PLEADING—*Misnomer*. Action against the Denver & Rio Grande Railway Company. The evidence showed that the railway company had long been out of business, had no part in the transaction upon which the action was grounded, and was never served with process; that the Denver & Rio Grande Railroad Company was the employer of plaintiff, was the owner of the premises, defects in which were alleged to have caused the injury complained of, and had been served with process in the action. *Held* that the railroad company was the defendant, and the defect a mere misnomer, subject to correction by amendment. *Denver & Rio Grande Co. v. Loveland*, 16 Col. Ap. 146, is to be regarded as overruled, so far as indistinguishable from the present case.

*Error to Montrose District Court, Hon. Thomas J. Black, Judge.*

*Department II.*

Mr. E. N. CLARK and Mr. C. A. LUXFORD, for plaintiff in error.

Mr. BUEL R. WOOD and Messrs. MORRISON & DE SOTO, for defendant in error.

Opinion by Mr. Justice Denison.

THE plaintiff, Nunez, an employee of defendant, recovered judgment for $750 against The Denver and Rio Grande Rail*road* Company in the District Court of Montrose county for personal injuries, caused, as he claimed, by the insufficiency of a truck, defects in the platform at the Montrose station, and ice thereon.

By the summons, return and complaint, the suit appeared to be against The Denver and Rio Grande Rail*way* Com-

pany. Service was had upon the station agent at Montrose, who was not employed by nor in any way connected with the Railway Company. The answer and other papers filed on behalf of the defendant are in the name of the Railway Company. After the plaintiff rested it was made to appear that the Railway Company had long been out of business, though still in existence, and that the Denver and Rio Grande Railroad Company was operating the line and station at Montrose.

The plaintiff, against the objection of the defendant, was granted leave to amend by changing "Railway" to "Railroad" in the name of the defendant. Before the amendment had been made the counsel appearing for the Railway Company moved for a directed verdict which was denied, and he then left the court room.

If the suit was brought against the Denver and Rio Grande Railway Company it was error to allow the amendment, but if against the Denver and Rio Grande Railroad Company the fact that the defendant was named in the plaintiff's papers as the Railway Company would amount to merely a misnomer, a proper subject of amendment.

The defendant's evidence showed that the Railway Company had nothing whatever to do with the plaintiff or the transaction constituting the cause of action and was never served with summons; that the Railroad Company was the employer of the plaintiff, owned and operated the truck and platform and was served with summons, the person to whom the copy of the summons was delivered being its agent and not that of the Railway Company; the suit therefore was against the Railroad Company, and the error but a misnomer, properly subject to correction by amendment.

*Hernan v. The American Bridge Co.,* 167 Fed. 930, 93 C. C. A. 330.

True, the record shows service on the Railway Company but the defendant's evidence shows there was none except on the Railroad Company. It was the duty of the court then to correct the record.

In *Denver and Rio Grande Railroad Company v. Love-*

*land,* 16 Col. App. 146, 64 Pac. 381, the report of the case does not show that it was made to appear to the court that the service was really on the Railroad Company and not on the Railway Company and the opinion states that there was no misnomer.   That case, therefore, can perhaps be distinguished from the present, but, insofar as it cannot it must be regarded as overruled.   The principle, however, therein stated, that when one company is sued another cannot be substituted without its consent, and that without such consent no amendment can be granted which, in effect, permits such substitution, is, of course, correct.

We are precluded by Rule 8 (161 Pac. VII) from the consideration of such questions raised by plaintiff in error as are not answered by the foregoing.   The judgment should be affirmed.

Judgment affirmed.