### STOCKER et al. v. DOBYNS-LANTZ HDWE. CO.

No. 13141—Opinion Filed March 4, 1924.

(Syllabus.)

**Process—Sufficiency of Summons—Effect of Misnomer.**

When a summons which designates the defendant as W. C. Thrasher instead of J. C. Thrasher is served on the right individual, the defendant may appear and plead a misnomer, but such summons is sufficient to give the court jurisdiction of the defendant and a motion to quash the summons on the grounds that it was insufficient to give the court jurisdiction was properly overruled.

Error from County Court, Haskell County; Omar M. Hudson, Judge.

Action by the Dobyns-Lantz Hardware Company against W. L. Stocker, and another. Judgment for plaintiff, and defendants bring error. Affirmed.

Guy A. Curry and William G. Stigler, for plaintiff in error.

Fred H. Fannin, for defendant in error.

COCHRAN, J. This action was brought by the defendant in error against the plaintiffs in error to recover on a promissory note. The parties will be referred to as plaintiff and defendants, as they appeared in the trial court. Summons was issued in this case designating the defendants as W. L. Stocker and W. C. Thrasher, instead of W. L. Stocker and J. C. Thrasher. The summons was served on W. L. Stocker and J. C Thrasher on August 8, 1923. J. C. Thrasher filed his special appearance and motion to quash the summons, alleging that the same was insufficient to give the court jurisdiction of said defendant. This motion was overruled, and defendant excepted and now presents the action of the trial court in overruling the motion to quash for review by this court. An individual who has been served with a summons in which he is designated by the wrong name is entitled to plead a misnomer, but the service of summons designating the defendant by the wrong name, where it is personally served upon the right defendant, is sufficient to give the court jurisdiction of the defendant and such defect becomes immaterial, unless the defendant appears and pleads the misnomer. In the instant case had the defendant pleaded the misnomer, the defeat would have been easily corrected, but instead of doing that, he moved to quash the summons served upon him on the grounds that the same was insufficient to give the court jurisdiction. No other question was presented to the court by this motion, and since the summons as served was sufficient to give the court jurisdiction, it was not error to overrule the motion to quash. In Ohlman v. Clarkson Sawmill Co. (Mo.) 120 S. W. 1155, it was said:

"When summons is actually served on the right person by a wrong name, the error is immaterial, since he had notice of the suit and may appear and plead a misnomer."

In the following cases it has been held that a summons personally served upon the right individual which described the defendant by the wrong name is sufficient to give the court jurisdiction: Welse v. Kirkpatrick, 30 Cal. 202; Crain v. Griffis, 14 Tex. 358; First Nat. Bank v Jaggers (Md.) 100 Am. Dec. 53; Perry v. Woodson (Mo.) 84 Am. Dec. 51; Longmaid v. Puffer, 73 Mass. 378.

The other questions presented by this appeal are identical with those decided in case No. 13140 Stocker v. Dobyns-Lantz Hardware Co., this day decided. The judgment of the trial court is affirmed.

JOHNSON, C. J., and KENNAMER, NICHOLSON, and MASON, JJ., concur.