**MURRAY et al. v. McGEHEE et al.**

No. 17308—Opinion Filed July 27, 1926.

Rehearing Denied Sept. 21, 1926.

(Syllabus.)

1. **Limitation of Actions—Running of Statute not Arrested by Petition Which Fails to State Cause of Action.**

Where the original petition wholly fails to state a cause of action, it will not arrest

the running of limitations, and an amendment made after the bar of the statute is complete will be regarded as the beginning of the action in reckoning the statutory period of limitation.

## 2. Elections—Petition for Recount—Right of Defendant to Introduce Ballots.

Where the petition of the plaintiffs states and alleges that the returns of election are not correct and prays for a recount of all the ballots, and it appearing that the ballots had been preserved in a manner provided by law, the plaintiffs are not in position to complain of the action of the trial court in permitting the defendants to introduce such ballots.

## 3. Same—Returns as Prima Facie Evidence of Vote.

Under section 6151, C. O. S. 1921, the election returns, when properly certified by the election officers of the precinct, constitute prima facie evidence of the precinct vote, and such returns will prevail in the absence of competent evidence to overcome the same.

Error from District Court, Noble County; Charles Swindall, Judge.

Injunction by Wm. L. Murray and others, taxpayers, against John McGehee and others, constituting the board of county commissioners, to prevent sale of bonds. Judgment for defendants, and plaintiffs bring error. Affirmed.

Wm. M. Bowles, for plaintiffs in error.

George F. Short, Atty. Gen., Randall S. Cobb, Asst. Atty. Gen., Cress & Tebbe, Joe W. Howard, County Attorney of Noble County, (Peyton E. Brown, James E. Curran, Geo. W. Miller, and Warren K. Snyder, of counsel), for defendants in error.

LESTER, J. The parties will be referred to as they appeared in the district court.

This action was commenced in the district court of Noble county, state of Oklahoma, on the 31st day of July, 1925, by plaintiffs filing their petition, in which they sought to enjoin the sale and disposition of certain bonds amounting to $900,000, purported to have been authorized by the voters of Noble county on the 5th day of June, 1925, said bonds having been duly approved by the Attorney General, as bond commissioner, on the 2nd day of July, 1925.

On the 3rd day of September, 1925, defendants filed a general demurrer to plaintiffs' petition. While the demurrer was still pending, the plaintiffs, on the 12th day of September, 1925, filed an amended petition. On September 26, 1925, defendants filed their demurrer to plaintiffs' amended petition. De-

fendants' demurrer was overruled, and on October 2, 1925, defendants filed their answer to the amended petition.

The cause proceeded to trial, and after the introduction of the evidence on the part of the plaintiffs and defendants, the defendants, by permission of court, withdrew their answer and filed a motion to strike from plaintiffs' amended petition certain paragraphs of the same which they asserted constituted a new cause of action and were barred by the statute of limitation. The court sustained the defendants' motion to strike said paragraph from plaintiffs' amended petition, to which action of the court the plaintiffs objected and excepted.

The court, at the conclusion of the evidence, found the issues in favor of the defendants. Thereafter the plaintiffs filed a motion for new trial, which motion was by the court overruled. Judgment was entered in favor of the defendants, from which judgment the plaintiffs prosecute this appeal.

The plaintiffs in their brief urge four errors of law upon the part of the court in the trial of said cause, and we will discuss each alleged error in the order named in plaintiffs' brief. The first error complained of is as follows:

"Error of the court in sustaining the motion of defendants striking out the allegations of plaintiffs' amended petition having reference to illegal and fraudulent votes, and holding that the statute of limitations had run against plaintiffs' amended petition, and the amendments when made did not relate back, by operation of law, to the date on which the original suit was brought and the original petition filed."

Paragraph 4 of the original petition filed by the plaintiffs is as follows:

"That on the date of the alleged or purported election, people were permitted to vote at said election who were not legal voters; that votes were counted which had been legally challenged; that the canvass and counting of the votes cast was incorrectly reported and returned; that the total returns of the canvass of such votes do not correspond with the original returns thereof, and that a correct and proper canvass and count of such votes would show that said bond election did not carry by a few votes, but that it lost by a large number of votes."

It will be noted that the said paragraph first refers to the fact that "people were permitted to vote at said election who were not legal voters." The court in the trial of the case held that the said statement in plaintiffs' petition did not state a cause of action, and therefore could not be amended

In the same paragraph of the plaintiffs petition they stated and alleged:

"That the canvass and counting of the votes cast was incorrectly reported and returned: that the total returns of the canvass of such votes do not correspond with the original returns thereof, and that a correct and proper canvass and count of such votes would show that said bond election did not carry by a few votes, but that it lost by a large number of votes."

The court in the trial of said cause held that the last portion of paragraph 4 of plaintiffs' petition stated a cause of action.

The plaintiffs, on the 12th day of September, 1925, filed an amended petition, which sought to set out the names of the alleged illegal voters and the reason why such voters were not lawfully entitled to participate in said election, and the court held that the original petition of plaintiffs, pertaining to the alleged illegal voters, wholly failed to state a cause of action, and, the statute of limitations having expired, refused to permit plaintiffs to introduce any evidence relative to such alleged illegal voters.

Section 4284, C. O. S. 1921, relating to the duties of the bond commissioner, is as follows:

"It shall be the duty of the bond commissioner to prepare uniform forms and prescribe a method of procedure under the laws of the state in all cases where it is desired to issue public securities or bonds, in any county, township, municipality or political or other subdivisions thereof; and it shall be the further duty of said bond commissioner to examine into and pass upon any security so issued, and such security, when declared by the certificate of said bond commissioner to be issued in accordance with the forms of procedure so provided, shall be incontestable in any court in the state of Oklahoma unless suit thereon shall be brought in a court having jurisdiction of the same within 30 days from the date of the approval thereof by the bond commissioner."

The sole question to be decided under plaintiffs' first proposition of law is whether or not the plaintiffs wholly failed to state a cause of action in relation to the alleged illegal voters, and if so, could the plaintiffs after the expiration of the statute of limitations amend the same. 37 Corpus Juris, section 516 (6), states:

"Where the declaration states no cause of action whatever, it will not arrest the running of limitations; and an amendment made after the bar of the statute is complete will be regarded as the beginning of the action, in reckoning the statutory period of limitations."

This statement is then supported by a large number of authorities.

In the case of Taylor v. Swift & Company, 114 Kan. 431. 219 Pac. 516, in the second paragraph of the syllabus of the said case, it is said:

"Where a demurrer is sustained to a petition on the ground that it does not state a cause of action, and the petition is thereafter amended by the introduction of new and independent allegations which by liberal interpretation may be conceded to state a cause of action. such amendment does not relate back to the time of the filing of the original petition so as to save the cause of action against the bar of the statute of limitations."

In the case of Burke v. Unger. Adm'r. 88 Okla. 226, 212 Pac. 993, in the second paragraph of the syllabus, the court said:

"Where the petition states no cause of action whatever, the filing thereof will not arrest the running of the statute of limitations."

In the case of Robertson et al. v. Board of County Commissioners of Grant County et al., 14 Okla. 407, 79 Pac. 97, the court in its second paragraph of the syllabus, said:

"A petition in an action to contest an election which alleges generally that the judges and clerks of election permitted a certain number of illegal votes to be cast in favor of a certain town for county seat, and that without such illegal votes the plaintiffs' candidate would have been elected, and setting out the number of votes which the petitioner claims each candidate legally received and which, if correct, would give the petitioners' candidate a majority of all of the legal votes cast, is not sufficient to state a cause of action. The pleader must set out the facts from which the court can say as a matter of law that the votes were illegal, and that without such illegal votes the result of the election would have been in favor of plaintiffs' candidate."

As shown from the plaintiff's original petition, it alleges: "That on the date of the alleged or purported election, people were permitted to vote at said election who were not legal voters." The original petition did not allege that such illegal votes would have changed the result of said election. Neither did the petition allege whether such illegal votes were cast for or against the issuance of the bonds, and such statement did not in any manner attempt to state why said alleged voters did not have the legal right to participate in said election. Therefore, said statement of the plaintiffs' petition did not in any manner state a cause of action that could be amended. The statement within

itself was a mere conclusion without any legal effect.

The plaintiffs in error urge that the doctrine laid down in the case of Motsenbocker et al. v. Shawnee Gas & Electric Company et al., 49 Okla. 304, 152 Pac. 82, entitled the plaintiffs herein to amend their petition. We have examined this case carefully, and find that the same is not in point, for in that case there was a defect of parties to the original action. The petition stated a cause of action, being defective only as to parties. This court very properly held that where there is a cause of action stated, the plaintiffs could thereafter amend said petition by bringing in other parties who did not originally join in said action.

In the case of Wheeler v. City of Muskogee, 51 Okla. 48, 151 Pac. 635, in syllabus No. 4 of said opinion, it is said:

"Within 60 days after the passing of the ordinance making the final assessment for the paving improvements plaintiff sought to enjoin the officers of the city of Muskogee from enforcing the collection of such paving assessments, and set up in his petition two causes of action or grounds for relief. After the 60 days had expired plaintiff amended his original petition by incorporating therein several additional causes of action. Held, that the statute of limitation when applied to such new causes of action treats the action as commenced when the amendments were filed, and such amendments do not relate back to the beginning of the action. The causes of action set forth in the amendments which are not based upon the exceptions contained in section 728, Comp. Laws, 1909, are barred."

We are clearly of the opinion that, on account of plaintiffs having failed in their original petition to allege any cause of action whatsoever, relating to the participation of illegal voters in said election, the court did not commit error in striking from plaintiffs' amended petition all new matter relating to said cause of action.

The plaintiffs in their second proposition urge:

"Error of the court, at the trial of said cause, in permitting defendants to count any ballots cast at said election, under the allegations contained in their answer, and upon the further ground that the integrity of the ballot boxes and the ballots had been established by the evidence."

Plaintiffs in their original petition alleged:

"That votes were counted which had been legally challenged; that the canvass and counting of the votes cast was incorrectly reported and returned; that the total returns of the canvass of such votes do not corre-

spond with the original returns thereof, and that a correct and proper canvass and count of such votes would show that said bond election did not carry by a few votes, but that it lost by a large number of votes."

The court permitted the plaintiffs to introduce the certificate of returns of said election from the various precincts of Noble county. It appears that there was a variance between the votes as shown from the tally sheets and that as shown by the returns. The court then heard the evidence regarding the manner in which the ballots had been preserved from and since the holding of said election, and, it appearing to the court that the ballots had been preserved in the manner provided by law, permitted defendants to introduce in evidence the ballots from several precincts. And thereafter plaintiffs were permitted to introduce in evidence ballots from the remaining number of precincts, save and except Marland precinct, which will be referred to hereafter.

We have carefuly read the entire record in this case, and it appearing that the plaintiffs having originally, in their petition, asked for recount of all the ballots, and it being made to appear that there was a difference of votes between the tally sheets and the returns sufficient to change the result of said election, and it further appearing from the record that the ballots had been preserved in the manner provided by law, we do not think that the court committed error in attempting to arrive at the true facts in the case by allowing the introduction of the ballots in order to determine the honest result of said election.

It is shown from the record that several days were spent in the trial of said cause, and from the decisions and rulings of the court during the course of the trial, it appears that the court was eminently fair to each side and that the trial court was tediously painstaking in attempting to determine the true and correct facts as they existed.

The plaintiffs challenged eleven votes in ward 4 and the court refused to count or receive any of the challenged ballots. The court in its findings of fact found that eight votes should be added for the bond issue to the votes as shown by the election returns and that three votes should be added to the votes against the bond issue as shown by the returns, and that nine votes should be subtracted from the votes as shown by the returns against the bond issue, leaving the following as a summary of the said vote:

| For the Issue | 2127 |
| Against the Issue | 1413 |

—thus leaving a majority above the 60 per cent. as required by law.

The plaintiffs' third proposition of error is as follows:

"Error of the court in receiving the ballots as the best evidence of the votes cast for and against the bonds in all the townships and precincts voting at the bond election, except the precinct of Marland, and disregarding the returns made by the precinct election officers, and taking the returns of Marland precinct as the best evidence of the votes cast, when it was discovered that the original ballots cast in said precinct had been purloined from the box and could not be produced at the trial."

As heretofore set out, the plaintiffs introduced in evidence the election returns of each and every precinct in said county and rested their case. The tally sheets, when introduced in evidence, contradicted the correctness of the election returns. The court then permitted the defendants to open certain ballot boxes in order to determine the correct vote. Thereafter the plaintiffs introduced the ballots from other precincts, and when the ballot box for Marland was opened it was discovered that it did not contain the ballots. The stub book was found therein, which showed that 86 votes had been detached therefrom, which number corresponded with the number of votes that were shown by the returns of the officers from that precinct. The court held that, inasmuch as the ballots could not be produced, the returns from said precinct by the election officers thereof constituted prima facie evidence of the correctness of the votes in said precinct, until otherwise overcome by competent evidence. And in this, we think the trial court was eminently correct.

The fourth proposition presented by the plaintiffs is as follows:

"Error of the court in not permitting the plaintiffs to show at the trial of said cause, by witnesses then upon the stand and in the courtroom, that fraudulent and illegal votes had been received and counted for the bonds in Glen Rose township, Carson township, the First ward of Perry, and the Second ward of Perry, in sufficient numbers to defeat said bonds by a large majority, the boxes in said precincts having been opened and the votes contained in said boxes received in evidence by the court."

The plaintiffs do not submit a single authority to sustain their contention on the last proposition. However, the same principle is here involved as was discussed in plaintiffs' first proposition; that is, the plaintiffs having failed to state a cause of action in their first petition relative to alleged illegal voters, they could not thereafter state a new cause of action so as to prevent the running of the statute of limitations. The evidence which the plaintiffs sought to introduce related solely to the allegation "that on the date of the alleged or purported election people were permitted to vote at said election who were not legal voters," and, of course, this statement wholly failing to allege any cause of action, the court properly refused the evidence offered by the plaintiffs thereon.

Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

BRANSON, V. C. J., and HARRISON, MASON, PHELPS, HUNT, and RILEY, JJ., concur.

Note.—See under (1) 37 C. J. p. 1078 §516. (2) 20 C. J. p. 257 §363. (3) 20 C. J. p. 239 §322. See under (1, 2,) 9 R. C. L. pp. 1164 et seq. 2 R. C. L. Supp. p. 934.