## METROPOLITAN CASUALTY INS. CO. v. DOLESE BROS. CO.

No. 21226. Opinion Filed Jan. 7, 1933.

Rehearing Denied April 4, 1933.

Burford, Miley, Hoffman & Burford, Chas. France. Clayton B. Pierce, and A. J. Follens, for plaintiff in error.

Troy Shelton, Tomerlin & Chandler, and Richard W. Fowler, for defendant in error.

ANDREWS, J. This action was by the defendant in error (hereinafter referred to as the subcontractor), a materialman under the provisions of our statute, to recover from a contractor and its surety for goods, wares, and merchandise sold by it to the contractor and used by the contractor in the performance by it of a contract for a public improvement in the city of Edmond.

The principal contention herein is that the action was not commenced within six months after the date of the completion of the work. If it was not, the action could not be maintained. Section 10984, O. S. 1931 (section 7487, C. O. S. 1921).

Under the theory that that section provided a statute of limitation, the trial court held that the burden was on the surety to sustain its contention that the action had not been commenced within six months from the date of completion of the public improvement. The trial court was in error therein. The section provides a remedy in derogation of the common law and provides for the maintenance of an action against a surety on the bond, which, in the absence of the statute, could not be maintained. The action authorized by the statute can be maintained only when it is commenced within six months from the date the public improvement is completed. The burden was upon the plaintiff to show that the action was commenced within the authorized time. See Glazier v. Heneybuss, 19 Okla. 316, 91 P. 872; Chouteau v. Hoss, 118 Okla. 76, 246 P. 844; Zahn v. Obert, 60 Okla. 118, 159 P. 298; Chicago Bridge & Iron Works v. Walker, 120 Okla. 244, 251 P. 478, and Taylor Bros. v. Gill, 126 Okla. 293, 259 P. 236.

The subcontractor contends that a public improvement is not completed, within the meaning of the statute, until it has been accepted by the governing body of the municipality. In support thereof it cites U. S. F. & G. Co. v. California-Arizona Const. Co. (Ariz.) 186 P. 502; Barr Lumber Co. v. Joy Const. Co., (Cal.) 190 P. 844, and Pacific Sewer Pipe Co. v. U. S. F. & G. Co. (Cal.) 197 P. 332. Those decisions are neither controlling nor persuasive. The Arizona decision, supra, was based upon the decision of the Supreme Court of Washington in Denny-Renton Clay & Coal Co. v. National Surety Co., 93 Wash. 103, 160 P. 1, and the decision of the Supreme Court of California in California Portland Cement Co. v. Boone, 183 P. 447. Section 10984, supra, fixes the period during which the action may be brought at six months from the "completion of the public improvement." The Washington statute construed by that court is materially different. It fixes the period at 30 days from and after the "completion of the contract, with an acceptance of the work by the board, council," etc. In the California decision the court found that the work was completed on or before November 11, 1914, and that the resolution passed by the board of trustees on November 17, 1914, formally accepting the work, was ineffective. The court said:

"* * * The finding should have been that the work was completed on November 11, 1914. * * *"

The subcontractor contends that, under the provisions of section 31, ch. 173, Session Laws 1923, completion is defined. We do not agree. Section 10984, supra, relates to bonds required by the provisions of section 10983, O. S. 1931 (section 7486, C. O. S. 1921), and applies to contracts entered into by any public officer for the purpose of making any public improvement, for the construction of any public building, or for the making of repairs on the same, where the contract exceeds $100. It is in no wise limited to street improvements. The 1923

Act, supra, applies to street improvements. While that act requires the governing bodies of cities or towns to accept street improvements, it in no wise construes the term "completion" as used in section 10984, supra. In Coyle v. U. S. Gypsum Co., 64 Okla. 153, 166 P. 394, the word "completion" was defined as "when the building is in fact finished." The language of the court in the body of the opinion was:

"In the absence of any statutory qualification or definition of the term 'completion,' it should be construed to mean actual completion, dating from the time when the last work was done, and not from the time when there was a cessation in the work, even though for a considerable period of time. 20 A. & E. Enc. Law, 395. Words employed in the statutes are to be understood in their ordinary sense, except where a contrary intention plainly appears. Rev. Laws 1910, sec. 2914."

We, therefore, hold that an action against a surety on a bond, under the provisions of section 10984, supra, must be commenced within six months from the actual completion of the public improvement, without regard to the date of the acceptance thereof by the political subdivision of the state contracting therefor.

Some question is raised as to the date from which interest was computed in the judgment. While the question presented was not raised in the motion for new trial, the parties hereto agree that there should be a decision thereon. A recovery in this sort of action from a surety may be for those things provided by the provisions of sections 10983 and 10984, supra. The condition of the bond required by the provisions of section 10983, supra, is that the contractor "* * * shall pay all indebtedness incurred for labor or material furnished in the construction of said public building or in making said public improvements." While interest is not included therein in terms, the interest becomes a part of the indebtedness, and a recovery against the surety on the bond may be had for the amount of the indebtedness, including the legal interest thereon, without regard to the date of the demand on the surety. The trial court did not err in that particular. We are not unmindful of the holding of this court as to interest under other forms of bond.

It is contended herein that there was no proof as to the date of service of summons. No proof thereof was necessary, for service of summons was shown by the return of the officer thereof filed in the court.

The affirmance or reversal of the judgment in this case is dependent upon the question of when the work was actually completed. As to that question the surety contends that the provision of the contract, as follows, "All excavated material except as above provided shall be at the disposition of the contractor," did not require the removal of that material by the contractor and that the contractor was not required to remove the surplus material. It is said that that material became his private property and that the removal of it was optional with him. We do not agree with that contention. We hold that, while the provision of the contract operated to vest the title to the surplus material in the contractor, it required the contractor to remove that material from the premises. To hold otherwise would be to hold that the parties to the contract contemplated that the surplus material excavated might be left upon the public streets of the city by the owner thereof, to wit, the contractor. In view of the fact that the statutes of this state prohibit an individual from blockading the traffic along public streets, we cannot hold that the parties intended to execute a contract which would operate as a violation of the law. The work was not completed until the surplus material was removed from the premises by the contractor, and the record shows that the surplus material was removed by the contractor less than six months prior to the commencement of this action.

There is some question presented as to the admission of evidence. We do not think that there was any reversible error therein, as the cause was tried to the court and not to a jury. Citizens-First Nat. Bank, v. Whiting, 112 Okla. 221, 240 P. 641.

An examination of the record discloses that the error committed by the trial court in holding that the burden of proof was on the defendant is not such an error as to require a reversal of this judgment.

The judgment is in all things affirmed.

CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CULLISON, J., dissents. LESTER, C. J., absent.

Note.—See under (7) 2 R. C. L. 252, 253; R. C. L. Perm Supp. p. 410; R. C. L. Pocket Part, title "Appeal," § 206. (9) 2 R. C. L. 244 et seq.; R. C. L. Perm. Supp. p. 404; R. C. L. Pocket Part, title "Appeal," § 203.