SOL KANTOR, PLAINTIFF, v. ASBURY PARK PRESS, A BODY CORPORATE, DEFENDANT.

Submitted October 11, 1935—Decided May 15, 1936.

Before Justices HEHER and PERSKIE.

For the rule, *Lester C. Leonard.*

*Contra, Sol Kantor, pro se.*

The opinion of the court was delivered by

HEHER, J. The gravamen of the complaint is libel. It is alleged that defendant is the publisher of the "Asbury Park Evening Press," in which the asserted libelous statement appeared. The process was directed to, and the sheriff's return shows, service upon "Asbury Park Press, a body corporate of the State of New Jersey." The correct corporate name of the publisher of the newspaper referred to is "Asbury Park Press, Inc.," and the service of process was made upon Wayne D. McMurray, the secretary of that corporation. This rule is prosecuted by Mr. McMurray individually, on the theory that "the designation [of the defendant] is false in law," and "should not be immune from attack;" the corporation of which he is secretary has not challenged the service.

It is not McMurray's province to thus assail the service of process upon the corporation. He is not a party to the action. Concededly, the party intended to be summoned was the corporation of which he was secretary, and service was made upon him in that representative capacity. It is a case of mere misnomer in a minor and immaterial particular. The abbreviation "Inc.," while a part of the name, is merely descriptive of its corporate character. The process described the defendant as a body corporate, and, therefore, it sufficiently identified the party to be cited. The misnomer, trivial as it is, is a defect which the defendant may waive; and, in any event, is curable by amendment. *Jefferson* v. *Hotel Cape May,* 82 *N. J. L.* 32. In no view of the matter, can it be said that the individual interests of McMurray have been affected; and he therefore has no standing to attack the service, unless it be as the agent and in the name of the corporate defendant, which is not the case. And, in that situation, an appropriate amendment would be ordered.

Rule discharged, with costs.