[Civ. No. 13466. Second Dist., Div. Two. May 1, 1942.]

Estate of ETTA KEITH ESKRIDGE, Deceased. MARY ALLEN FUQUA, Appellant, v. REED E. HOLT, as Executor, etc., Respondent.

J. M. Danziger for Appellant.

Martineau & Stratton and Richard C. Heaton for Respondent.

HANSON, J. pro ▉▉▉▉ The sole question is whether a legatee in a will seeking a revocation of its probate is required to allege in her petition the facts showing her legal rights are adversely affected by the will, or whether this is sufficiently

shown by an allegation that she is a niece of the testatrix. The trial court held that she had to allege the ultimate facts in her petition, and for failure to do so sustained the demurrer of the executor. Appellant elected to stand on her petition and so refused to amend. We think the ruling of the trial court was correct.

In her written petition for revocation of the probate of the will appellant averred she was a niece of the testatrix and that by the will in question she was bequeathed the sum of one dollar. If the will was invalid and the decedent died intestate, appellant was an heir at law under our statute only if she was more closely related than, or equally related with, such other relatives as survived the decedent. In short, she had no standing to contest the probate of the alleged will if the testatrix, as claimed, had issue surviving her, as they would succeed to the estate on intestacy to the exclusion of decedent's niece. (Prob. Code, § 222.) Hence, in the absence of any other will providing more adequately for her than the will in question, appellant stood to receive less, not more, by a contest. This is not an interest of sufficient substantiality to permit of a contest—taking the time of the courts for no purpose at all. (*Estate of Land,* 166 Cal. 538 [137 Pac. 246].)

While appellant apparently recognizes that this is so, she nevertheless argues that she is entitled to submit evidence of her interest to the trial court for its decision, without alleging specifically facts which if proved would permit her to contest the will. She cites no authority that sustains her contention and we know of none. In this state authority is to the contrary (*State* v. *Superior Court,* 148 Cal. 55 [82 Pac. 672, 2 L.R.A. (N.S.) 643]), and apparently this is true everywhere. (117 A.L.R. 1455.) The case of *In re Morrow's Will,* 41 N.M. 723 [73 P. (2d) 1360], cited by appellant does not rule to the contrary. Appellant seems to be of the opinion— an altogether too common error—that if she were permitted to present her evidence showing she was a niece she could then rest her case, and if it was not controverted her right to contest the will would be established. On the contrary, her case would not be proved, and a motion for nonsuit or a directed verdict would be in order. (*Cf. O'Day* v. *Superior Court,* 18 Cal. (2d) 540 [116 P. (2d) 621].) Moreover, she would not be entitled, under a mere allegation that she was a niece, to introduce evidence that there were no relatives more closely

related to decedent than she. Proof could be adduced only of the ultimate facts which she had alleged. Contrary to appellant's contention, by alleging that the decedent left no one more closely related to her than appellant she would not be negativing a defense but merely averring what is requisite to sustain her own cause of action. Every ultimate fact required to be proved to sustain a cause of action must be alleged.

The cases, of which *Estate of Land, supra,* is typical, holding that where a question is raised as to the right of one to contest the trial court should take evidence on the point in advance of the will contest, are not in point. They do not say, nor do they purport to say, that a contestant is entitled to be heard where the allegations are insufficient to sustain her own cause, i.e., her right to contest.

The trial court rightly ruled and its judgment is affirmed.

Moore, P. J., and McComb, J., concurred.