MAGGI et al. v. JOHNSON, Dist. Judge.

No. 33321.   June 1, 1948.

*194 P. 2d 854.*

H. Tom Kight, Jr., of Claremore, Edgar Maggi, of Bristow, and Speakman & Speakman, of Sapulpa, for plaintiffs.

Robt. W. Gibbs, of Tulsa, for defendant.

ARNOLD, J. Ruth M. Dorland, formerly Ruth M. Forcum, instituted an action in the district court of Rogers county attempting to state a joint cause of action against W. V. Pryor, a resident of Rogers county, and Edgar Maggi, Fred A. Speakman, and Streeter Speakman et al., residents of Creek county. Summons was issued and served on Pryor in Rogers county and summonses were issued to the sheriff of Creek county and served on the other defendants. Pryor demurred to the petition on the ground, among others, that same did not state a cause of action; the nonresident defendants filed motions to quash and objections to the jurisdiction of the court over their persons. The court overruled all motions to quash and special pleas to the jurisdiction of the court. To these rulings, the moving and objecting nonresident defendants saved exceptions. The demurrer of the resident defendant was sustained in its entirety, the court apparently thinking that the cause of action attempted to be stated by the plaintiff not only did not state a joint cause of action but on its face showed that the resident defendant Pryor was not liable on the cause of action stated against Speakman & Speakman. At the request of plaintiff, time was fixed by the court within which she might amend her petition. She filed an amended petition within the time set which stated a joint transitory action against all defendants. Pryor, the resident defendant, filed a motion to strike the amended petition on the theory that it was contradictory to the allegations of the original petition in essential respects. This motion to strike has not been disposed of. The nonresident defendants gave notice of their intention to apply to this court for a writ of prohibition whereupon the trial judge announced that no further proceedings would be had until this opportunity was exercised and this court had passed upon the application to assume original jurisdiction. Within a few days after the amended petition was filed in the Rogers county action, Streeter Speakman and the representative of the estate of Fred A. Speakman, now deceased, Maggi, filed an action in Tulsa county, the residence of plaintiff in the Rogers county case, against her to establish the alleged written contract of employment between said plaintiff and Rockwood, a defendant in the Rogers county action.

Mrs. Dorland filed a plea in abatement in the Tulsa county suit to establish the alleged lost or destroyed written contract of employment, setting forth that the action should be abated because all the issues therein raised had been or could be raised in the Rogers county case. Without having

her plea in abatement ruled upon, she filed an answer and cross-petition.

In this proceeding here by Edgar Maggi and Streeter Speakman to assume original jurisdiction and prohibit the district court of Rogers county from proceeding further in the cause of action therein pending, applicants take the position that no joint cause of action has ever been "rightly brought" in Rogers county and, therefore, venue of the nonresident defendants has never attached. They say that it has been judicially determined that no cause of action was stated in the original petition of the plaintiff in the Rogers county suit; that their motions to quash and pleas to the jurisdiction based upon absence of venue of their persons should have been sustained; that the filing of an amended petition within the time allowed by the court did not relate back to the time of the filing of the original petition; that the filing of the amended petition therein stating a joint cause of action does not comply with the requirements of 12 O. S. 1941 §154; that no summons having been issued after the filing of said amended petition, no joint cause of action has been begun against the nonresident defendants in Rogers county and, therefore, venue has not attached. The sole contention made by respondent is that the sustaining of the demurrer to the original petition in Rogers county was not a final judgment and the amended petition relates back to and becomes a part of the original petition filed making the service of process on the nonresident defendants good, and that, therefore, the Rogers county district court had jurisdiction of the subject matter and venue of all defendants at the time the action was filed in Tulsa county.

All parties concede that there is conflict of jurisdiction of subject matter and parties.

12 O. S. 1941 §154 provides:

"Where an action is rightly brought in any county, a summons shall be issued to any other county against any one or more of the defendants, at plaintiffs' request."

This creates an exception to the general rule that a defendant is entitled to trial in the county of his residence or where he may be summoned. Ordinarily venue is controlled by residence of parties. Under the foregoing exception provided by statute a transitory action is "rightly brought" by the filing of a petition stating a joint transitory cause of action and issuance of summons. See 12 O. S. 1941 §151. A petition which does not state a cause of action against the defendant who is a resident of the county where filed does not state a joint cause of action as between the resident and the nonresident defendants. That is the situation here. When the demurrer of resident Pryor was sustained, the nonresident defendants were entitled to have their motions to quash sustained. There being no cause of action stated against the resident defendant, the action was not "rightly brought" and the statutory authority for the issuance of the summonses to other counties did not exist and the court did not acquire jurisdiction of the persons of the nonresident defendants. Murray et al. v. McGehee et al., 121 Okla. 248, 249 P. 700.

Pryor's action demanding affirmative relief constituted a general appearance but no action of the nonresident defendants could be so construed. They have consistently objected to the jurisdiction of the court over their persons. The summonses issued at the time of the filing of the original petition, which did not state a cause of action, and thereafter served upon the nonresident defendants, did not give the court jurisdiction over their persons. Venue of their persons has not attached unless it can be said that the filing of the amended petition which for the first time stated a cause of action against the resident defendant related back to and supplied the insufficiency of the original petition and furnished the authority for the issuance of the summonses served upon the nonresident

364

defendants. We have held that such an amendment would not toll the statute of limitations. Fisher v. Fiske, 96 Okla. 36, 219 P. 683; First State Bank of Tuskahoma v. J. B. Klein Iron & Foundry Co., 180 Okla. 42, 68 P. 2d 777.

The doctrine of "relation back" does not apply to confer jurisdiction of the person of nonresident defendants where no joint cause of action was stated. The statement of a joint cause of action is absolutely essential to the authority to issue process and bring nonresidents within the venue of the court. Venue or jurisdiction of the person cannot be created by the filing of an amended petition stating for the first time a joint cause of action authorizing, under the statutory exception, the issuance of process to another county than that where the action is pending.

To force the nonresident defendants in the Rogers county case to trial on the cause of action stated in the amended petition would be to force said defendants into the jurisdiction of the court without service of process. This would amount to the exercise of unwarranted judicial force. Prohibition will lie to prevent the exercise of such judicial power. The Tulsa county district court has jurisdiction of the subject matter which at least in part conflicts with that in the Rogers county case and it also has jurisdiction of all the parties.

Writ granted.

HURST, C. J., DAVISON, V. C. J., and WELCH, CORN, GIBSON, and LUTTRELL, JJ., concur.