O. K. BUTLER CONST. CO.
v. BENTLEY et al.

No. 34032.    Oct. 23, 1951.

*237 P. 2d 886.*

Butler & Rinehart, Oklahoma City, for plaintiff in error.

Rittenhouse, Webster, Hanson & Rittenhouse, Oklahoma City, for defendants in error.

HALLEY, V. C. J.    The parties occupy the same positions as in the trial court, and will be so referred to here.

This action was brought by the plaintiff against the defendants in the district court of Oklahoma county on January 17, 1948, to recover money due for construction work on certain highways in Pottawatomie county.    The plaintiff alleged that a contract for this road work was let by the State Highway Commission to the defendants, R. H. Bentley and R. J. Wenthe, d/b/a Bentley & Wenthe, a copartnership. That pursuant to statute (61 O. S. 1941 §§1, 2, and 3) the contractors, Bentley and Wenthe, were required to give bond conditioned that they pay all indebtedness incurred for labor and materials furnished in the construction of said public building, or in making said improvements, and further providing that any person to whom there was due any sum for labor or materials furnished might bring an action against the partnership for the recovery of said indebtedness.    In accordance with the statute, the defendants Bentley and Wenthe made a surety bond with the defendant National Automobile & Casualty Insurance Company, as surety, condition as aforesaid.

It was further alleged that the defendants Bentley and Wenthe then contracted with the plaintiff to do certain portions of said construction work, which work was duly performed by plaintiff in accordance with said contract, and that there was a balance due and unpaid from the defendants to the plaintiff in the sum of $2,742.62, with interest. Plaintiff further alleged that by reason of the contracts as aforesaid and the bond and statute covering such transactions, said insurance company and Bentley and Wenthe were all three liable jointly for said indebtedness; that by reason thereof the three defendants were sued jointly on the obligation.

The record admittedly shows that defendant Bentley was a resident of Pottawatomie county and could be served therein; that the defendant Wenthe was a resident of and could be served in Cleveland county; and that the defendant National Automobile Casualty Insurance Company was a resident of and could be served in Oklahoma county; that since the action was transitory, suit could be brought upon the joint liability, which was done, and that it could be filed in either of the three counties and was accordingly filed in the district court of Oklahoma county. No question is raised in this appeal as to the indebtedness, the amount due thereon, the execution of the indemnity bond, or the right of the plaintiff to recover. Each of the three defendants was served with summons in his or its respective county, and each defendant filed a separate motion to quash the service. These motions were heard by the court on February 27, 1948, and each of the motions was overruled with exceptions, and each defendant was given five days thereafter in which to plead further or ten days in which to answer.

Thereafter, on March 3, 1948, and within the time allowed, each of the defendants filed a separate general demurrer to the petition.

From the record it appears that after filing of the petition and the issuance and service of summons, it was discovered by the plaintiff that there had been an error made in the name of the defendant National Automobile & Casualty Insurance Company. Its name was given as "National Automobile & Casualty Company", whereas the word "Insurance" should have been inserted immediately after the word "Casualty", so as to make the name read "National Automobile & Casualty Insurance Company.

The record further discloses that when the insurance company was served with summons bearing this discrepancy in its name, it made no objection to the incorrect name, and, in its motion to quash, it used its correct name of "National Automobile & Casualty Insurance Company"; and likewise when it filed its demurrer it used its correct name.

Subsequent to the service of the original summons, the plaintiff, without permission of the court, caused a second summons to be issued and served upon the National Automobile & Casualty Insurance Company on March 3, 1948, bearing the correct name of the company.

On the 12th day of March, 1948, an order was made striking the three separate general demurrers from the motion docket and further ordering that the plaintiff be permitted, within five days, to amend its petition by interlineation of the date that the work was completed, and defendants were thereby given five days thereafter to plead, and in accordance therewith plaintiff amended its petition by inserting at the end of the second paragraph of the first cause of action the following:

"The plaintiff further alleges that the construction under the bond was not completed until on or about August 1, 1947."

On March 15, 1948, upon oral presentation and ex parte proceeding, the court made and entered an order, the pertinent part reading:

" . . . it is ordered, adjudged and decreed that the plaintiff be permitted to amend by interlineation the petition, praecipe for summons, summons, and the return of summons, insofar as said instruments relate to the National Automobile and Casualty Insurance Company, by the substitution of the word 'Insurance' wherever said company is designated in the above mentioned pleading and process."

Thereafter, on April 2, 1948, the company filed its special appearance and motion to quash the second summons, and on April 9, 1948, it was heard and sustained, at which time the court found and held that the same was issued without leave of the court and was therefore a nullity, but found and

again ordered that the plaintiff should be permitted to correct the name of the defendant National Automobile & Casualty Insurance Company, and granted leave to issue alias summons.

Thereafter, on May 26, 1948, the defendants Bentley and Wenthe each filed a special appearance and objection to the jurisdiction of the court, asserting therein that they were nonresidents of Oklahoma county, Oklahoma; that the court had never acquired jurisdiction of any resident defendant in Oklahoma county; that there was no joint cause of action pending against the movants or any other person resident or capable of being served in Oklahoma county.

These motions and demurrers of each of the defendants were before the court on the motion docket of May 28, 1948, at which time the demurrers were stricken from the docket, but the motions were continued until June 18, 1948, and were then overruled.

Thereafter, on July 23, 1948, a hearing was had on the three demurrers of the three separate defendants. Upon request of the parties, permission was granted them to submit briefs in support of their argument, and the cause was continued until September 3, 1948, and thereupon the court again considered the motions of the defendants, which had been overruled on June 18, 1948, and vacated the order of said date, which had overruled the objection to the jurisdiction of the court over defendants Bentley and Wenthe.

The final order of September 3, 1948, vacated the entire order of June 18, 1948, though no motion had been filed by defendants asking such relief, and as to the defendant National Automobile & Casualty Insurance Company, held that it was not in court because it had not been served with an alias summons in keeping with the leave granted by the order of April 9, 1948, specifically finding that by plaintiff's act of issuing and serving an alias summons without leave of court the previous service of summons was abandoned.

It is from the order of September 3, 1948, that plaintiff appeals.

Two questions present themselves on this appeal. The first is: Was proper service had upon the defendants? The second is: Did the petition as originally filed state a cause of action against the defendant insurance company?

As to the first question, the defendant insurance company was sued and served under the name of National Automobile & Casualty Company, instead of its correct name, National Automobile & Casualty *Insurance* Company. In the summons, and in the style of the case, the name "National Automobile & Casualty Insurance Company" was shown as the name of the defendant, but the word "Insurance" was omitted from the name of the defendant in the body of the petition. The return, which showed service on the Insurance Commissioner, omitted the word "Insurance" from the name, but attached to the summons was a receipt from the Insurance Commissioner to the sheriff of Oklahoma county of the $3 required to be paid the Insurance Commissioner. The defendant referred to was the National Automobile & Casualty Insurance Company. This company must have been notified of the receipt of the summons by the Insurance Commissioner, as it entered its appearance specially with a motion to quash. In our opinion this summons was issued, served and returned as required by law. We do not feel that the omission of the word "Insurance" in the name was sufficient to vitiate the summons. The corporation that was intended to be served was served. The Insurance Commissioner delivered the summons to the corporation intended to be served. As was said in First National Bank v. Huntington Distilling Co., 41 W. Va. 530, 23 S. E. 792, 56 Am. St. Rep. 878, if some words are added to or omitted from the true name of a corporation, this is not a fatal variance, if there is enough to distinguish the corporation from all others and to show that the corporation being

served was intended to be served. ، The defendant corporation here was in court for all purposes, and the trial court erred in changing his ruling on the corporation's motion to quash. See, also, Kantor v. Asbury Park Press, 116 N. J. Law 379, 184 A. 815; Varney v. Hutchinson Lumber, etc., Co., 64 W. Va. 417, 63 S. E. 203; Central, etc., Co. v. Morris, 68 Tex. 49, 3 S. W. 457; Arminius Chemical Co. v. White, 112 Va. 250, 71 S. E. 637; 42 Am., Jur., Process, §18, 112 at p. 97, and 19 C. J. S., Corporations, §1308, p. 993, and 50 C. J. Process, §41, note 43-44, and §350.

In Stocker v. Dobyns-Lantz Hdw. Co., 101 Okla. 134, 224 P. 303, we held that when a summons which designated a defendant by the wrong initials is served on the right individual, the defendant may appear and plead a misnomer, but such summons is sufficient to give the court jurisdiction of the defendant.

The omission of the word "Insurance" in the name of the corporate defendant was clearly an amendable defect and was amended. See Ex parte Howard-Harrison Iron Co., 119 Ala. 484, 24 So. 516; Denver & Rio Grande R. Co. v. Nunez, 66 Colo. 173, 180 P. 78; Kantor v. Asbury Park Press, supra.

The second question is: Did the petition state a cause of action against the insurance company? We think it did, though imperfectly. A petition filed in an action to recover under §2, Title 61, O. S. 1941, filed within the six months' time required by that statute, but where the fact it was so filed was not alleged in the petition, may be amended by permission of court to so allege after the expiration of the six months' period. When such an amendment was made to the petition, any imperfection therein was cured. The defendants rely upon Metropolitan Casualty Ins. Co. v. Dolese Bros. Co., 163 Okla. 36, 20 P. 2d 569, which held that the action authorized by the statute can be maintained only when it is commenced within six months from the date the public improvement is completed. The evidence in that case showed that the work was actually completed within the six months, and we held that the error of the court in placing the burden of proof on the defendant was not sufficient to require a reversal of the case. No question was raised as to whether or not it was properly pleaded. Our attention has been called to Matheny v. Porter, 158 Fed. 2d 478, which holds that it must affirmatively appear from the face of the complaint that the action was commenced within the prescribed time, but indicates that this defect could be cured by an amendment to the complaint making this allegation. In our opinion, the original petition in this case was sufficient to give the court jurisdiction of the parties.

In no decision has this court said that the complaint must allege that the action is brought in the time required by law. In fact, in Brookshire v. Burkhart, 141 Okla. 1, 283 P. 571, 67 A. L. R. 1059, we held that a demurrer would not be sustained to a petition in an action for wrongful death, a remedy provided for by a statute, where the allegation was not made. Since the original petition was good as against a general demurrer, the case of Maggi v. Johnson, 200 Okla. 361, 194 P. 2d 854, cited by defendants, does not apply.

The case is reversed, with instructions to the trial court to overrule the motions to quash and the demurrers to the petition and to proceed with the case.

WELCH, CORN, GIBSON, O'NEAL, and BINGAMAN, JJ., concur. JOHNSON, J., dissents.

JOHNSON, J. (dissenting). I dissent to the majority opinion filed herein.

I think the material contentions or questions are (a) that the action, being a statutory action against a surety on the bond of a public improvement contractor, it must be commenced within six months from date improvement is completed, Title 61 O. S. A. §2; Metropolitan Casualty Insurance Co. of New York v. Dolese Bros. Co., 163 Okla. 36,

20 P. 2d 569, and that the original petition did not state a cause of action because it was not alleged therein the date the improvement was completed; (b) that an action is only "rightfully brought" so as to authorize issuance of summons to defendants in another county when a petition is filed stating a joint transitory cause of action against resident and nonresident defendants. Maggi v. Johnson, 200 Okla. 361, 194 P. 2d 854.

In the Dolese Bros. Co. case, supra, it was held that one suing public contractor's surety has burden of showing that the action authorized by §2, Title 61 O. S. A. was commenced within the statutory time.

I think that every ultimate fact required to be proved to sustain a cause of action must be alleged. In re Eskridge's Estate, 51 Cal. App. 634, 125 P. 2d 527, or, as stated in Bernstein v. Peters, 68 Ga. App. 218, 22 S. E. 2d 614:

"A petition must allege every material fact which plaintiff must prove in order to recover."

The contention that the original petition did not state a cause of action against the resident defendant is well taken. Also, the further contention that the issuance of summons and service thereof on the nonresident defendants was invalid must be sustained; and, unless it can be said that by filing separate general demurrers on March 3, 1948, wherein each of the nonresident defendants and the resident defendant alleged and stated therein that the petition wholly failed to state facts sufficient to state a cause of action in favor of the plaintiff and against the defendants, constituted a voluntary general appearance for all purposes; and that the amendment following the court's order of March 12, 1948, invokes the doctrine of "relation back", the judgment of the trial court must be sustained.

The action authorized by 61 O. S. A. §1 et seq. can only be maintained against a surety company on its bond when it is commenced within six months from the date the public improvement is completed. Dolese Bros. Co. case, supra, and cases cited therein.

The rule governing statutory actions similar to the statute cited above was applied in Matheny v. Porter, 158 Fed. 2d 478, wherein it was said:

"In a case of this kind brought under the provisions of a statute creating the right of action where none previously existed and qualifies the right of action by requiring that the suit to enforce it be brought within a limited time, it must affirmatively appear from the face of the complaint that the action was commenced within the prescribed time. (Citing authorities) In so far as it related to the recovery of damages, the complaint was fatally defective in its failure to show that the suit was commenced within one year after the cause of action accrued, and therefore the denial of the motion to that extent constituted error."

In the Maggi Case, supra, it was held that a petition failing to state a cause of action against the resident defendant does not state a joint cause of action as against resident and nonresident defendants, and, in such case, process served upon nonresident defendants in another county is a nullity; and, that such an action is commenced under the provision of 12 O.S.A. §§151, 154 only when a petition is filed stating a joint transitory cause of action against resident and nonresident defendants.

In Fisher v. Fiske, 96 Okla. 36, 219 P. 683, cited in the Maggi case, supra, it was said in the first paragraph of the syllabus:

" . . . the averments of the petition . . . must show that the plaintiff has a valid joint cause of action against the resident defendants, on whom valid service is had, as well as against the non-resident defendants."

I am of the opinion that the original service of summons being a nullity, and the demurrers being filed March 3, 1948, after the expiration of six

months from the date of the alleged completion of the improvement as shown by the amendment to the original petition made on March 12, 1948, which, for the first time, stated a cause of action against the resident defendant (surety bond), was too late to comply with Title 61 O. S. A. §2, supra, which provided ". . . that no action shall be brought on said bond after six months from the completion of . . . public improvements . . ."

In Murray v. McGehee, 121 Okla. 248, 249 P. 700, it was said:

"Where the original petition wholly fails to state a cause of action, it will not arrest the running of limitations, and an amendment made after the bar of the statute is complete will be regarded as the beginning of the action in reckoning the statutory period of limitation."

I think the action of the trial court should be affirmed.