Lillian M. HARTING, Administratrix of the Estate of Kenneth M. Harting, Deceased, Plaintiff in Error,

v.

BENHAM ENGINEERING COMPANY, Inc., an Oklahoma Corporation, Defendant in Error.

No. 42869.

Supreme Court of Oklahoma.

Oct. 22, 1971.

## ORDER

It is hereby ordered that the Petition for Certiorari in the above styled and numbered cause be denied.

IRWIN, Justice (dissenting to denial of certiorari):

In my opinion, we should grant certiorari and affirm the judgment of the trial court.

David B. Benham is the service agent for the corporation and the managing partner of the partnership. However, the partnership is not a fictitious partnership and the corporation and the partnership are two separate and distinct entities. Benham Engineering Company and Affiliates, a partnership, and not the defendant corporation, had the engineering contract or agreement with the City of Stillwater. The first part of the agreement is as follows:

"1. This agreement made * * * by and between the City of Stillwater, hereinafter referred to as the 'City' and the Benham Engineering Company and Affiliates, a partnership composed of David B. Benham, John F. Benham and Margaret L. Benham of Oklahoma City, Oklahoma, hereinafter referred to as the 'Engineer'."

The above agreement was executed in behalf of Benham Engineering Company and Affiliates by David B. Benham, Partner. It was public contract on file in the City Clerk's office in Stillwater and plaintiff's attorney testified that prior to the time the action was commenced, a copy of the agreement was delivered to him by his co-counsel.

Plaintiff commenced the action against the corporation and after the statute of limitation barred the action against the partnership, plaintiff filed a motion to amend her petition by substituting the partnership as defendant in lieu of the corporation.

The trial court found that it had no jurisdiction over the partnership and before it was before the court for any purpose, the plaintiff, if she so desired, could issue proper process and service of summons on the partnership.

The issue presented concerns the right to substitute a partnership as defendant in lieu of a corporation, after the cause of action against the partnership is barred by the statute of limitations.

The corporation submitted to the court the Stipulation referred to in the letter and the first paragraph in the Stipulation is as follows: "That the attached Exhibit 'A' is a true copy of the Agreement * * * between City of Stillwater, Oklahoma, and Benham Engineering Company and Affiliates, * * *." The attached Exhibit "A", disclosed that the City's agreement

was with a partnership; the names of the partners; and that the Agreement was executed in behalf of the partnership by David B. Benham, Partner.

In so far as the pleadings are concerned, the corporation filed a special appearance and motion to quash the original summons. This motion was sustained and alias summons was issued. Alias summons was served and the corporation filed a motion to strike certain allegations in plaintiff's petition and a demurrer. This motion and demurrer was filed approximately two months before the action was barred by limitations against the partnership, and was pending when plaintiff filed her motion for substitution of the partnership as a defendant in lieu of the corporation.

Plaintiff cites Galuppi v. Viele (Fla. App.), 232 So.2d 408, as being "on all fours" with the case at bar. In Galuppi, a tort action was brought against a corporation which had never been actively engaged in any business and was only a "shell", and the officers of the corporation, as individuals, should have been named the defendants. The corporation filed dilatory pleadings and sought affirmative relief. Plaintiff sought by amendment the substitution of the president and his wife (the secretary and treasurer of the "shell" corporation) as individual defendants in lieu of the "shell" corporation. The court stated that it "must determine if the proposed amendment corrects a misnomer or whether it brings in new party defendants. If the amendment is granted and its effect is merely to correct a misnomer, there is no doubt that the amendment would relate back in time to the date of the original complaint * * *. But if its effect is to make new parties to the suit, the amendment would not relate back and the statute of limitations would bar the action".

The Florida District Court of Appeals allowed the substitution on the grounds that the president of the "shell" corporation, the party plaintiff intended to sue, was in fact before the court and that the

effect of the proposed amendment was merely to correct a misnomer.

In my opinion, Galuppi is not "on all fours" with the case at bar. Neither the corporate defendant in the case at bar nor the partnership is a "shell" corporation or a "shell" partnership but an active corporation and an active partnership; a suit against the corporate defendant here is not a suit against the partnership; and the plaintiff's proposed amendment is not to merely correct a misnomer, as the corporate defendant and the partnership are two separate and distinct entities.

In the case at bar, the trial court did not acquire jurisdiction over the partnership and the partnership has never participated in the proceedings. Although the corporation did not deny, prior to the running of the statute of limitations, that it had no contract with the City of Stillwater and that the partnership had the contract, plaintiff knew or should have known the contract was with the partnership. The contract specifically so stated; it was clear and concise; and the partners were named. However, plaintiff did not choose to make the partnership a defendant until the statute of limitation barred the action against it, although her attorney had a copy of the contract before the action was commenced.

In my opinion, the circumstances would not justify a determination that by the corporation's actions, the partnership should be substituted as a party defendant, without process of service upon it, unless plaintiff is entitled to the substitution under our statutory and decisional law. Stated in another way, the circumstances in the case at bar would not justify an exception to our statutory and decisional law concerning the substitution of a party defendant after the statute of limitations has barred the action against the party proposed to be substituted as a party defendant.

In examining our statutory and decisional law to determine if plaintiff is entitled to the substitution, it should be noted that

if substitution of the partnership in lieu of the corporation is proper, it would necessarily mean that service upon the corporation constitutes service upon the partnership.

12 O.S.1961, § 317, provides:

"The court, may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding by adding or striking out the name of any party, or correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or conform the pleading or proceeding to the facts proved, when such amendment does not change substantially the claim or defense; and when any proceeding fails to conform, in any respect, to the provisions of this code, the court may permit the same to be made conformable thereto by amendment."

In Saint Paul Fire and Marine Insurance Co. v. Spann, Okl., 355 P.2d 567, we held:

"[W]here a corporation has a legal or beneficial interest in the cause of action and is capable of bringing the action in its own name, but through mistake or inadvertence, brings it in the name of an individual, under Title 12 O.S.1951 § 317, an amendment substituting the real party in interest as plaintiff is permissible where the cause of action remains the same and defendants are deprived of no defense; that such amendment relates back to the commencement of the action and the fact that the time within which an original action could have been filed by the proper party has been barred by limitations furnishes no ground for refusing the amendment."

In the above case the party that was substituted (plaintiff), had a legal or beneficial interest in the cause of action and the court had jurisdiction of it and the de-

fendant. In the instant proceeding, the corporation and partnership are two separate and distinct entities; neither the corporation nor the partnership has a legal or beneficial interest in the other; the trial court had never acquired jurisdiction over the partnership; and no attempt was made to bring the partnership into the case until limitations barred the action against it.

In Mitchell v. Hines, 101 Okl. 38, 223 P. 182 (1924), a tort action was brought against a railroad company and at the time of the alleged tortious act the railroad company was in the control of and being operated by a Receiver under orders of a Federal District Court. The plaintiff sought to amend his petition so as to make the Receiver a party defendant and the trial court denied the motion. In affirming the judgment denying the motion, we held:

"There was no abuse of discretion in refusing to permit plaintiff to amend his petition so as to make the receiver of the railroad a party defendant, where it was apparent that plaintiff's cause of action against the receiver was barred by the statute of limitations."

In 8 A.L.R.2d § 81, page 166, it is stated that when an action is brought against a corporation whereas it should have been brought against a partnership, or vice versa, an amendment substituting the proper party defendant after the statute of limitations has run is generally held to be vulnerable to a plea of the statute.

In O. K. Butler Construction Co. v. Bentley, 205 Okl. 225, 237 P.2d 886, we held that the omission of the word "Insurance" from the name of a corporate defendant in the pleadings and process is an amendable defect. This rule is based on the rationale that if some words are added to or omitted from the true name of a corporation, this is not a fatal variance, if there is enough to distinguish the corporation from all others and to show that the corporation being served was intended to be served. In the

above case the court noted that the insurance company was served with process as it entered its appearance specially with a motion to quash.

In my opinion, when an action is brought against a corporation and plaintiff seeks an amendment to substitute a partnership as party defendant, if the amendment has the effect of substituting a new party defendant instead of merely correcting a misnomer, plaintiff is not entitled to the amendment after the statute of limitations bars the action against the partnership.

Although David B. Benham is the registered service agent for the corporation and managing partner of the partnership, the corporation and the partnership are two separate and distinct entities. The partnership was not operating under a fictitious name and neither the corporation nor the partnership was responsible for the contractual obligations or the tortious conduct of the other. Plaintiff intended to, and did bring the action against the corporation originally and did not intend to sue the partnership. There was not a misnomer of a party defendant. Process of service has not been had upon the partnership and no attempt was made to make the partnership a party defendant until plaintiff's action against the partnership was allegedly barred by the statute of limitations. If the partnership is substituted for the corporation, it necessarily means that service upon the corporation constitutes service upon the partnership, and the partnership is deprived of one of its defenses, i. e. the statute of limitations.

In my opinion, we should grant certiorari; and affirm the judgment of the trial court.

I am authorized to state that BERRY, C. J., and LAVENDER, J., concur in the views herein expressed.