236 F.2d 573
 L. E. SMITH, d/b/a L. E. Smith Construction Company; and
United Pacific Insurance Company, a corporation, Appellants,
v.
MINNEAPOLIS-HONEYWELL REGULATOR COMPANY, a corporation, Appellee.
 No. 5261.
 United States Court of Appeals Tenth Circuit.
 Aug. 15, 1956.
 
 A. M. Covington, Tulsa, Okl., for appellants.
 Irvine E. Ungerman, Tulsa, Okl. (Charles A. Whitebook, Maynard I. Underman and William Leiter, Tulsa, Okl., on the brief), for appellee.
 Before HUXMAN, MURRAH and PICKETT, Circuit Judges.
 MURRAH, Circuit Judge.
 
 
 1
 The appellee, Minneapolis-Honeywell Regulator Company, sued and recovered a judgment against the appellant, Smith Construction Company, and its statutory surety, for the value of labor and materials used in the construction of a hospital building in Mayes County, Oklahoma. The sole question decided by the trial court and presented on this appeal is whether the suit was commenced within the period of limitations prescribed by the applicable Oklahoma statutes which require a performance bond running to the State of Oklahoma by a contractor for the construction of any public building or repairs exceeding $100, 61 O.S.A. § 1, and also providing that no action shall be brought on said bond after six months from 'the completion of said * * * public buildings.' 61 O.S.A. § 2.
 
 
 2
 This suit was commenced by Minneapolis-Honeywell on March 24, 1955, and appellants plead the six-months statutory limitation, contending that on September 13, 1954, more than six months before this suit was brought, the contract was completed and the building approved and accepted by the owner when the building was inspected and the architect issued the 'Final Estimate' to the Board of County Commissioners. The appellee takes the position, and the trial court found, that the limitations period did not begin to run until November 15, 1954, at which time certain additional work was completed and the building formally accepted by the County, State and federal government, the joint sponsors.
 
 
 3
 The basic facts are not in dispute. In August, 1953, the appellant, Smith Construction Company, entered into a contract with Mayes County, Oklahoma, for the construction of the Grand Valley Hospital in accordance with plans and specifications drawn by its architect. In compliance with the statutes, the contractor executed a performance bond with the appellant insurance company. It then entered into a subcontract with the McPherson Company for the installation of plumbing, heating, ventilating, airconditioning equipment, and a Minneapolis-Honeywell temperature control system, or its equivalent, to be installed by the manufacturer thereof. McPherson in turn entered into a contract with Minneapolis-Honeywell to furnish and install the pneumatic control system in accordance with the specifications in the contract. Pursuant to the agreement, Minneapolis-Honeywell did install the control system for the sum of $11,077, which subcontractor McPherson failed to pay because of insolvency and bankruptcy.
 
 
 4
 On September 13, 1954, the County and the contractor entered into what was denominated 'change order No. 3', in which the contractor agreed to furnish certain additional material and labor for the sum of $613.98, the total cost to be added to the original contract. Again on September 30, 1954, the parties entered into another 'change order No. 4', under which the contractor was required to furnish additional material and labor at a cost of $653.81. This material and labor was furnished by the contractor in accordance with the change orders and change order No. 3 was included in the final estimate with a notation that payment therefor would be made when the work was completed.
 
 
 5
 The trial court specifically found that the change orders were contemplated in the original contract, and that it was not complete within the meaning of the statutory bond until the work and material called for in the change orders had been furnished. In the alternative, the court construed the statutory bond as calling for a completed project, and found that the project was not complete until the labor and material called for in the change orders had been furnished and the project accepted by the joint sponsors on November 15, 1954.
 
 
 6
 There was undisputed proof to the effect that on September 13, 1954, the County Commissioners, the architect and the contractor all met by appointment at the building site; that after going through the building and inspecting it, the contractor turned the keys to the building over to the County Commissioners, and the parties agreed that the contract had been performed; that when on the same day, it was determined that additional work was required (change order No. 3) to complete the building, the contractor agreed to perform such additional work only on condition that it would be considered outside his original contract so that the said additional work would not delay payment based on the final estimate submitted that date. The appellants thus seek to equate a stipulated performance of the contract to a 'completed building' within the meaning of the statutory bond.
 
 
 7
 The statute clearly contemplates a contract for a public building. And, in our case, the statutory bond was intended to cover a completed building as specified in the contract between the parties. As between themselves, the parties to the contract were undoubtedly free to agree upon the date of the completion of the contract, even though the building specified therein had not actually been completed. But they were not free to contract in derogation of the rights of third parties for the protection of whom the statute was enacted and the bond executed. Metropolitan Casualty Ins. Co. v. Dolese Bros., 163 Okl. 36, 20 P.2d 569; Coyle v. United States Gypsum Co., 64 Okl. 153, 166 P. 394. The term 'completion' as used in the statute, means actual completion of the building as contracted for without regard to the stipulated performance by parties. Metropolitan Casualty Ins. Co. v. Dolese Bros., supra. To be sure, the work and materials called for in the change orders were necessary to the completion of the public building specified in the contract. The statutory bond was necessarily coextensive therewith and the statute of limitations therefore did not commence to run until the completion of the work called for in the change orders. The judgment is affirmed.
 
 
 8
 HUXMAN, Circuit Judge, concurs in the result.